on delay damages from and after judgment herein.

Accordingly, the decision and judgment of the Claims Court are affirmed in part, reversed in part, and remanded. On remand, the Claims Court should consider (1) whether, taking into account this opinion and 28 U.S.C. § 1961, "reasonable and entire compensation" may include compounded interest in calculating prejudgment interest for purposes of delay damages,[6] and (2) if so, whether it should be allowed under the facts and circumstances of this case. Recomputation of delay damages from judgment date and thereafter appears to be indicated by 28 U.S.C. § 1961.

AFFIRMED IN PART; REVERSED IN PART; REMANDED

**Sandella SPEARS, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**Appeal No. 85–575.**

United States Court of Appeals, Federal Circuit.

June 28, 1985.

---

Sandella Spears, pro se.

Evangeline W. Swift, Gen. Counsel, Mary L. Jennings, Associate Gen. Counsel for Litigation and Deborah Stover-Springer, Merit Systems Protection Bd., Washington, D.C., for respondent.

Before FRIEDMAN and BALDWIN, Circuit Judges, and MILLER,[*] Senior Circuit Judge.

JACK R. MILLER, Senior Circuit Judge.

This is an appeal from the decision of the Merit Systems Protection Board ("MSPB") dismissing Sandella Spears' ("Spears") appeal, 21 M.S.P.R. 535 (1984). We *affirm.*

## BACKGROUND

Spears was a Claims Authorizer with the Mid-America Program Service Center, Social Security Administration, Department of Health, Education, and Welfare ("Social Security"),[1] until she was removed effective June 22, 1979. This adverse action was appealed to the MSPB on July 3, 1979, without a claim of discrimination. On November 6, 1979, the Presiding Official issued his initial decision sustaining Spears' removal. Spears' petition for review by the full MSPB was denied on November 25, 1980, and no further appeal was taken.

At the time of her removal, Spears had a discrimination complaint pending before Social Security which was filed in October, 1978, and which alleged that management would not reassign her to another work area because of her race. After the completion of its investigation, Social Security indicated it proposed to hold that there was no discrimination. On July 13, 1979,

---

[*] Judge Miller assumed senior status June 6, 1985.

1. The Department of Health, Education, and Welfare was redesignated the Department of Health and Human Services, effective May 4, 1980, pursuant to the Department of Education Organization Act, Pub.L. 96–88, 93 Stat. 668 (1979) (codified at 20 U.S.C. § 3401 *et seq.* (1982) ).

Spears requested a hearing and alleged that her removal was in reprisal for her discrimination complaint. In a letter, dated July 27, 1983, Thomas S. McFee, Director, Equal Employment Opportunity, Department of Health and Human Services, stated that the Equal Employment Opportunity Commission ("EEOC") had remanded the reprisal allegation to Social Security, pursuant to 29 C.F.R. § 1613, because the complaint pertained to a mixed case (defined *infra*), part of which had previously been before the MSPB. After reviewing the complaint, Social Security decided that Spears had not been the subject of reprisal and advised her that she could petition the MSPB for review of its previous decision pursuant to 29 C.F.R. § 1613.404.[2]

Spears filed a petition with the MSPB on August 19, 1983, alleging that "[t]he penalty of removal was discriminatory and an act of reprisal." After Social Security moved to dismiss the appeal for lack of jurisdiction, the Presiding Official issued an order referring Spears' petition to the full MSPB.

On July 2, 1984, the full MSPB granted Social Security's motion to dismiss, because 5 U.S.C. § 7702 (1982)[3] provides the MSPB with jurisdiction to decide discrimination issues only when they are the basis for an action appealable to the MSPB. Because there was no appealable action pending before it, the MSPB held that it lacked jurisdiction. The procedures set forth in 29 C.F.R. § 1613.404 were deemed to be unauthorized by statute.

## ANALYSIS

Under 5 U.S.C. § 7703(b)(1) (1982), the Federal Circuit is without jurisdiction to review MSPB decisions on the merits under 5 U.S.C. § 7702. *Williams v. Department of the Army*, 715 F.2d 1485, 1491 (Fed.Cir.1983). However, in such cases, this court has jurisdiction to review decisions on threshold issues such as the MSPB's jurisdiction or, in this case, *res judicata. See Ballentine v. Merit Systems Protection Board*, 738 F.2d 1244, 1246–47 (Fed.Cir.1984). Under 5 U.S.C. § 7702(a), the MSPB has jurisdiction over mixed cases which involve an adverse ac-

---

2. 29 C.F.R. § 1613.404 provides in pertinent part:

The following shall apply, with respect to mixed case complaints filed prior to the effective date of these regulations, where any issues in such mixed case complaints were also appealed to the MSPB:

. . . .

(b) *Discrimination Allegations Not Considered.* If the MSPB was not presented with or did not consider the allegations of discrimination raised in the mixed case complaint in connection with any appeal, the agency shall process such mixed case complaint in accordance with § 1613.405(e). The final agency decision on such complaint shall advise the complainant of his/her right to file a civil action, pursuant to § 1613.417, and that (s)he may petition the MSPB to review his/her previous appellate decision, to include the allegations of discrimination raised with the agency which were not previously decided on appeal by the MSPB. The decision shall further advise the complainant that, whether or not the MSPB chooses to review its previous decision, the complainant may thereafter petition the EEOC to review the matter, pursuant to § 1613.414, provided that the complainant has fullfilled [sic] the procedural prerequisite of first petitioning the MSPB.

3. 5 U.S.C. § 7702 provides in pertinent part:

(a)(1) Notwithstanding any other provision of law, and except as provided in paragraph (2) of this subsection, in the case of any employee or applicant for employment who—

(A) has been affected by an action which the employee or applicant may appeal to the Merit Systems Protection Board, and

(B) alleges that a basis for the action was discrimination prohibited by—

(i) section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16),

(ii) section 6(d) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206(d) ),

(iii) section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791),

(iv) sections 12 and 15 of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 631, 633a), or

(v) any rule, regulation, or policy directive prescribed under any provision of law described in clauses (i) through (iv) of this subparagraph,

the Board shall, within 120 days of the filing of the appeal, decide both the issue of discrimination and the appealable action in accordance with the Board's appellate procedures under section 7701 of this title and this section.

tion normally appealable to the MSPB and an allegation that a basis for the action was discrimination. *Williams,* 715 F.2d at 1487. Section 7702 permits employees to challenge adverse actions on both discrimination and nondiscrimination grounds *or* solely on discrimination grounds. *Id.* at 1487 n. 3.

 Spears' most recent appeal to the MSPB challenges her removal on the ground of discrimination. Therefore, the MSPB had jurisdiction over this appeal even though it was Spears' second appeal to the MSPB on her removal. The only difference between Spears' appeals to the MSPB is that the second was based on discrimination while the first was not. Having previously appealed her removal to the MSPB on nondiscrimination grounds and lost, Spears is barred by *res judicata* from subsequently challenging her termination on the allegation of discrimination. *Cf. United States v. Utah Construction & Mining Co.,* 384 U.S. 394, 421–22, 86 S.Ct. 1545, 1559–60, 16 L.Ed.2d 642 (1966). Although the MSPB actually dismissed for lack of jurisdiction, it would be wasteful to remand the case based on *Securities and Exchange Commission v. Chenery Corp.,* 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943), because any action by the MSPB would not involve policymaking or discretion. *See Horne v. Merit Systems Protection Board,* 684 F.2d 155, 158 n. 4 (D.C.Cir. 1982); *Chae-Sik Lee v. Kennedy,* 294 F.2d 231, 234 (D.C.Cir.), *cert. denied,* 368 U.S. 926, 82 S.Ct. 362, 7 L.Ed.2d 190 (1961).

 Although 29 C.F.R. § 1613.404 would appear to authorize Spears' second appeal to the MSPB, it is well settled that regulations promulgated by an agency must be consistent with statutory provisions enacted by Congress. *Commissioner v. South Texas Lumber Co.,* 333 U.S. 496, 501, 68 S.Ct. 695, 698–99, 92 L.Ed. 831 (1948); *Fawcus Machine Co. v. United States,* 282 U.S. 375, 378, 51 S.Ct. 144, 145, 75 L.Ed. 397 (1931). Under 5 U.S.C. § 7702(a)(1), an adverse action involving a mixed case can be appealed to the MSPB, which then has 120 days to decide the discrimination issue and the appealable action. Section 7702(a)(2) also permits such mixed cases to be brought before the agency, whose decision is judicially reviewable unless that decision is appealed to the MSPB under 5 U.S.C. § 7702(a)(1). Within 30 days of the MSPB's decision, the employee or applicant may petition the EEOC to consider the MSPB's decision. 5 U.S.C. § 7702(b)(1). The MSPB's decision becomes judicially reviewable if no petition is filed or if the EEOC refuses to consider the MSPB's decision. 5 U.S.C. § 7702(a)(3). If the EEOC chooses to consider the MSPB's decision, the EEOC has 60 days either to concur with the MSPB or to issue a new decision. 5 U.S.C. § 7702(b)(3). The decision of the MSPB becomes judicially reviewable if EEOC concurs, while a different decision by the EEOC is immediately referred to the MSPB. 5 U.S.C. § 7702(b)(5)(B). The MSPB can then either concur with the EEOC's decision, which is judicially reviewable, or reaffirm its initial decision. 5 U.S.C. § 7702(c). If the MSPB takes the latter action, the matter is certified to a special panel described in 5 U.S.C. § 7702(d)(6). 5 U.S.C. § 7702(d)(1). The decision of the special panel is judicially reviewable. 5 U.S.C. § 7702(d)(2)(A). Thus, the statutory scheme does not authorize the MSPB first to review an adverse action without considering discrimination and then to accept another appeal on the same adverse action where discrimination is alleged. Although 5 U.S.C. § 7702(e)(2) permits an employee who has filed a complaint with the agency under 5 U.S.C. § 7702(a)(2), and has not received a judicially reviewable action after 120 days, to appeal to the MSPB, the statute does not additionally provide for subsequent MSPB review after the agency reaches a final decision.

In view of the foregoing, the MSPB's dismissal of Spears' appeal is affirmed.

AFFIRMED.