837 F.2d 1096
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rose L. SANDERS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 87-3248.
 United States Court of Appeals, Federal Circuit.
 Nov. 12, 1987.
 
 Before ARCHER, Circuit Judge, BALDWIN, Senior Circuit Judge, and MAYER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (MSPB or board), Docket No. SE03538610346, dismissing Rose L. Sanders' appeal of the United States Postal Service's denial of her request for restoration to duty following recovery from a compensable injury is affirmed.
 
 OPINION
 
 2
 Sanders was injured on April 9, 1981, while working as a distribution clerk for the Postal Service. She received injury compensation benefits from the Office of Workers' Compensation Program through April 14, 1981, when compensation ceased and she returned to duty. She remained employed by the Postal Service until her removal on May 10, 1982, for unauthorized absences.
 
 
 3
 In a letter dated March 14, 1985, Sanders requested priority consideration for restoration to her former position pursuant to 5 U.S.C. Sec. 1851 (1982), alleging that she was removed because of her compensable injury in 1981. The Postal Service denied her request. Sanders filed an appeal with the MSPB pursuant to 5 C.F.R. Sec. 353.401(a) (1986) seeking restoration to duty. The Postal Service moved for dismissal of the appeal for lack of jurisdiction. The Presiding Official dismissed the appeal on May 24, 1985 for lack of jurisdiction, ruling that Sanders had "no right of appeal under 5 C.F.R. Sec. 353.401(a)," because at the time of her removal "she was not receiving compensation or benefits under 5 U.S.C. Chapter 81." That decision was not appealed and became final on June 28, 1985.
 
 
 4
 On June 11, 1986, Sanders filed this appeal with the MSPB, requesting restoration to duty and also challenging her 1982 removal. When the Postal Service moved to dismiss, Sanders was directed to clarify whether she was appealing her removal, the denial of her restoration to duty request, or both. Sanders responded in a letter dated September 18, 1986, that she was appealing only the denial of her request for restoration to duty. The Administrative Judge dismissed this second appeal on October 10, 1986 as barred by the doctrine of res judicata, stating that Sanders was attempting to raise "precisely the claim which was resolved adversely to [her] in the [1985] appeal." After her petition for review by the full board was denied, Sanders petitioned this court for judicial review.
 
 
 5
 We agree with the board. Sanders' claim that she was removed because of her compensable injury in 1981, which she again seeks to raise in this case, was decided adversely to her by the MSPB in the 1985 decision. That decision was essential to the board's dismissal for lack of jurisdiction of Sanders' earlier case. An attempt to relitigate the same claim in a subsequent appeal is barred by the doctrine of res judicata. Spears v. Merit Systems Protection Board, 766 F.2d 520, 523 (Fed.Cir.1985). Cf. United States v. Utah Construction Co., 384 U.S. 394, 422 (1965) (principles of res judicata apply to administrative proceedings); American Surety Co. v. Baldwin, 287 US 156, 166 (1932) (principles of res judicata apply to questions of jurisdiction as well as to other issues).
 
 
 6
 Accordingly, we affirm the decision of the MSPB.