878 F.2d 1444
 59 Ed. Law Rep. 15
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Constance HORNER, Director, Office of Personnel Management, Petitioner,
v.
Edward LYNCH and Merit Systems Protection Board, Respondents.
 Misc. No. 235.
 United States Court of Appeals, Federal Circuit.
 March 31, 1989.
 
 Before FRIEDMAN, BISSELL and ARCHER, Circuit Judges.
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 Constance Horner, Director of the Office of Personnel Management (OPM), petitions for review of the Merit Systems Protection Board's (MSPB) December 14, 1988, order in Lynch v. Department of Education. The MSPB opposes the petition. Edward Lynch moves to dismiss OPM's petition for lack of jurisdiction. OPM moves for leave to file a reply.
 
 
 2
 This matter has a lengthy and complex procedural history.[1] However, only relevant here are the MSPB's May 11, 1988 final decision and the MSPB's December 14, 1988 order denying OPM's petition for reconsideration.
 
 
 3
 On May 11, 1988, the MSPB, on remand from the district court, determined that Lynch had met his burden of proving discrimination, that the Department of Education had not provided reasonable accommodation to Lynch, and that the agency must cancel Lynch's removal and restore him with backpay. Pursuant to 5 U.S.C. Sec. 7703(d),[2] OPM petitioned the MSPB for reconsideration of the decision contending that the MSPB's determination regarding reasonable accommodation was erroneous. On reconsideration, the MSPB declined to reconsider because it viewed the Rehabilitation Act as a discrimination law and not a civil service law and that "OPM may not force review on the merits of MSPB decisions based on discrimination law by categorizing those decisions as relying on civil service law."
 
 
 4
 OPM petitioned this court for review of the issue of whether the MSPB "erred in determining that the Rehabilitation Act ... is not a civil service law within the meaning of 5 U.S.C. Sec. 7703(d)." Lynch opposed and moved to dismiss on the ground that this court lacks jurisdiction over this mixed case. The MSPB also opposes OPM's petition.
 
 
 5
 This court has threshold jurisdiction to review the MSPB's December 14, 1988 order. See Spears v. Merit Systems Protection Board, 766 F.2d 520 (Fed.Cir.1985) (although the court is without jurisdiction to review mixed cases on the merits, it has jurisdiction to review decisions on threshold issues such as the MSPB's jurisdiction). Thus, we decline to grant Lynch's motion to dismiss for lack of jurisdiction. Moreover, OPM has fashioned its petition for review as limited to the December 14 order, not the underlying decision on its merits, and we agree that any review is confined to that order and the standing and jurisdictional issues presented therein.
 
 
 6
 Because the MSPB's order revolves around interpretation of a statutory provision and presents an issue of first impression, we determine that the substantial impact requirement of Sec. 7703(d) is met. See Devine v. Nutt, 718 F.2d 1048, 1053 (Fed.Cir.1983), rev'd on other grounds sub nom., Cornelius v. Nutt, 1105 S.Ct. 229 (1985). Accordingly, we grant OPM's petition for review, but caution the parties to confine their arguments to the standing and jurisdictional issues.
 
 
 7
 Upon consideration thereof,
 
 IT IS ORDERED THAT:
 
 8
 (1) OPM's petition for review is granted.
 
 
 9
 (2) Lynch's motion to dismiss is denied.
 
 
 10
 (3) OPM's motion for leave to file a reply is granted.
 
 
 
 [1]
 Following his removal, Lynch pursued his case through the MSPB, EEOC, MSBP, Special Panel, district court, and MSPB
 
 
 [2]
 Section 7703(d) provides in part that OPM may obtain judicial review of any final order or decision of the Board if OPM determines that the Board erred in interpreting a civil service law affecting personnel management and that the Board's decision will have a substantial impact on the administration of the civil service. In order to obtain judicial review, OPM must first petition the Board for reconsideration of the decision