892 F.2d 1050
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Arthur L. ROGERS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 89-3385.
 United States Court of Appeals, Federal Circuit.
 Dec. 18, 1989.
 
 Before MARKEY, Chief Judge, RICH, Circuit Judge, and COWEN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The final decision of the Merit Systems Protection Board (MSPB or board), No. NY07528910085, which dismissed petitioner's appeal for lack of jurisdiction is affirmed. The MSPB held petitioner's appeal was barred by the doctrine of res judicata because of a final decision in his previous appeal to the board.
 
 OPINION
 
 2
 Petitioner's primary contention is that he was denied the right to a hearing and an opportunity to prove his case. However, the record shows that although Mr. Rogers' initial appeal from his removal was timely filed, he waived his right to a hearing and the case was decided by the MSPB on the written record. Moreover, although he was given a copy of the initial decision and notified that he could file a petition for review with the full board he did not do so, and the decision in his first appeal became final on October 28, 1988. It is clear that this is a case where petitioner slept on his rights. Although the statute gives the affected employee an opportunity to be heard before the MSPB, this court has stated that the law does not require more than one such opportunity. See Otherson v. Department of Justice, 711 F.2d 267, 272 (Fed.Cir.1983).
 
 
 3
 As a result of the final decision in petitioner's first appeal to the MSPB, his second appeal was barred by the doctrine of res judicata. Spears v. MSPB, 766 F.2d 520, 522 (Fed.Cir.1985).
 
 
 4
 This decision is rendered without prejudice to Mr. Rogers' Equal Employment Opportunity administrative complaint, which is pending in administrative proceedings.