930 F.2d 37
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Eugene KONIECZKO, Petitioner.
 Misc. No. 300.
 United States Court of Appeals, Federal Circuit.
 Feb. 26, 1991.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 CLEVENGER, Circuit Judge.
 
 ORDER
 
 1
 Eugene Konieczko petitions for writ of mandamus to direct the Merit Systems Protection Board to issue a decision in his pending case. At the direction of the court, Konieczko submits a response discussing whether this court has jurisdiction. As permitted, the MSPB also files a response.
 
 
 2
 The United States Postal Service removed Konieczko from his position in August 1988 for physical inability to perform the duties of his position. An administrative judge of the MSPB reversed the Postal Service's action and ordered reinstatement determining (1) that Konieczko had a handicapping condition, (2) that Konieczko failed to establish that his removal was based on handicap discrimination, (3) but that the Postal Service could accommodate Konieczko's handicap by reassignment to another position. Both the Postal Service and Konieczko petitioned the MSPB for review. Here, Konieczko urges us to compel the MSPB to issue a decision.
 
 
 3
 At the direction of the court, Konieczko and the MSPB addressed the issue of whether this court has jurisdiction over Konieczko's mandamus petition. Both parties concede that the underlying case involves a bona fide claim of discrimination. However, Konieczko argues that this is not a "mixed case" under the statute because the MSPB has not yet issued a final decision considering the merits. Konieczko contends that this is the proper court to compel the MSPB to act. Spears v. MSPB, 766 F.2d 520 (Fed.Cir.1985) (this court has jurisdiction over threshold issues such as res judicata and MSPB jurisdiction).
 
 
 4
 The MSPB argues that a district court is the proper forum for considering Konieczko's mandamus petition. We agree. Konieczko's reliance on Spears is misplaced. In the circumstances controlled by Spears, even though an employee alleges a discrimination claim, the MSPB's decision deals only with timeliness, the MSPB's jurisdiction, or res judicata. Here, the administrative judge's initial decision dealt squarely with the discrimination issue and the MSPB, when it reviews the initial decision, will also. No one is arguing that this court will have jurisdiction over this case after the MSPB issues its decision.[1] See In Re Innotron Diagnostics, 800 F.2d 1077 (Fed.Cir.1986) (where a court would have jurisdiction over an appeal from a final judgment, it has power under the mandamus statute).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) Konieczko's petition is dismissed for lack of jurisdiction.[2]
 
 
 7
 (2) Konieczko's motion for leave to file his response out of time is granted.
 
 
 
 [1]
 We would have jurisdiction if Konieczko waived his discrimination claims. However, he is not suggesting that he will do so. Indeed, the entire case revolves around discrimination issues
 
 
 [2]
 We decline to transfer the petition. There are no time restraints on Konieczko filing a petition in a district court, should he wish to do so