954 F.2d 732
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Crawley David McFADDEN, Petitioner-Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs,
Respondent-Appellee.
 No. 91-7068.
 United States Court of Appeals, Federal Circuit.
 Nov. 4, 1991.
 
 Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves for leave to file a motion to dismiss out of time, with motion to dismiss attached. Crawley David McFadden has not filed a response.
 
 
 2
 In November 1979, the Veterans Administration (VA) determined that McFadden was barred from receiving VA benefits because his discharge was "under other than honorable conditions." McFadden filed a notice of disagreement (NOD) on March 20, 1980. On August 28, 1981 the Board of Veterans Appeals (Board) denied McFadden's appeal.
 
 
 3
 Nine years later, on September 7, 1990, McFadden filed a notice of appeal with the Court of Veterans Appeals. On February 6, 1991, the Court of Veterans Appeals dismissed McFadden's appeal for lack of jurisdiction on the grounds that McFadden's NOD was filed before November 18, 1988 and that his notice of appeal was filed more than 120 days after the mailing date of the Board's decision. McFadden noticed a timely appeal to this court. Here, the Secretary moves to dismiss on the ground that this court lacks jurisdiction over the case.
 
 
 4
 The arguments in the Secretary's motion to dismiss are misplaced. This court always has jurisdiction to review a trial court's or administrative agency's decision concerning its jurisdiction. Machado v. Derwinski, 928 F.2d 389 (Fed.Cir.1991) (this court affirmed the Court of Veterans Appeals' decision dismissing Machado's appeal as untimely); Prenzler v. Derwinski, 928 F.2d 392 (Fed.Cir.1991) (this court affirmed the Court of Veterans Appeals' decision that it lacked jurisdiction because a NOD was filed before November 18, 1988); see also Spears v. Merit Sys. Protection Bd., 766 F.2d 520, 522 (Fed.Cir.1985) (this court has jurisdiction to review issues such as the Merit Systems Protection Board's jurisdiction). Accordingly, the Secretary's motion to dismiss must be denied.
 
 
 5
 We, sua sponte, determine whether the Court of Veterans Appeals' decision should be summarily affirmed. See Groendyke Transp., Inc. v. Davis, 406 F.2d 1158 (5th Cir.1969) (summary affirmance is appropriate where the position of one of the parties is so clearly right as a matter of law that there can be no substantial question as to the outcome of the case). The Veterans' Judicial Review Act (Act), 38 U.S.C. § 4051 et seq., under which McFadden seeks review, only applies to cases where a party files a NOD on or after November 18, 1988. McFadden bears the burden of showing that he filed a NOD on or after the deadline. Prenzler, 928 F.2d at 394. McFadden did not challenge the Court of Veterans Appeals' determination that his NOD was untimely filed. Further, 38 U.S.C. § 4066 provides that a notice of appeal from the Board to the Veterans Court "must be filed within 120 days" after the mailing date of the Board's decision. As McFadden waited approximately nine years before filing his notice of appeal to the Court of Veterans Appeals, the Veterans Court was clearly correct that it lacked jurisdiction on that basis also.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion for leave to file a motion to dismiss is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is denied.
 
 
 9
 (3) The court, sua sponte, summarily affirms the Court of Veterans Appeals' decision.