979 F.2d 215
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gesuclais BRUTUS, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 92-5147.
 United States Court of Appeals, Federal Circuit.
 Aug. 25, 1992.
 
 Before ARCHER, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 The United States moves to dismiss Gesuclais Brutus' appeal for lack of jurisdiction or, in the alternative, for summary affirmance. Brutus has not responded.
 
 
 2
 Brutus filed a complaint in the United States Claims Court on May 15, 1992. The text of the complaint stated:
 
 
 3
 That is a lawsuit against United States Government to stop H.R.S. Service Government Welfare and pay each child born in the United States $400.00 a week until 26 years old. Any judge assigned to this case cannot discuss facts will come by motion this lawsuit pursuant to 2. U.S.C. S1209 and 1219 pursuant to 31 U.S.C. S755 pursuant to 38 U.S.C. 223(c) and 4092 pursuant to 5 U.S.C. 7703(1)(b) pursuant to 19 U.S.C. 1337. Plaintiff requests hearing by telephone, Defendant must be in person to review my coming motion assigned judge already know that is an appearance, facts will come by motions, my damages is a $110 billion charges. Certified copy sent to United States Government by return receipt to White House, President George Bush, [address and telephone number deleted], with amendment any oppose must arrest, put in prison and keep the interest.
 
 
 4
 The Claims Court dismissed Brutus' complaint for failure to state a claim within the Claims Court's jurisdiction. On July 13, 1992, Brutus filed a document that was treated as a notice of appeal. The text of the document stated:
 
 
 5
 Motion to protect my order, that is a 105 dollars, United States Claims Court has ask for appeal, the court has returned the motion, ask for the following reason, has say by judge, May 22, 1992, an give 60 days from the date, copy send to Defendant Attorney this 8 day of July, 1992, Ross D. Cooper, Department of Justice, [address and telephone number deleted]. Send by return receipt, judge has ordered to Plaintiff, ask for 105 dollars with 60 days and returning my motion now provision send include.
 
 
 6
 According to the United States law, if anything happened to me before receive full payment, all money have to pay to mother, Haiti, father, Haiti, other family, Haiti, not one from United States.
 
 
 7
 This court has the authority to review a Claims Court's dismissal based on lack of jurisdiction. See Placeway Constr. Corp. v. United States, 920 F.2d 903 (Fed.Cir.1990). See also, Galloway Farms, Inc., 834 F.2d 998, 1000 (Fed.Cir.1987) (this court has jurisdiction to determine the jurisdiction of a district court); Spears v. Merit Sys. Protection Bd., 766 F.2d 520, 522 (Fed.Cir.1985) (this court has jurisdiction to determine the jurisdiction of the Merit Systems Protection Board). Accordingly, the United States' motion to dismiss is denied.
 
 
 8
 In the alternative to dismissal, the United States asks that we summarily affirm the Claims Court's decision. Summary affirmance is appropriate when the position of one of the parties is so clearly correct as a matter of law that there can be no substantial question as to the outcome of the case. Groendyke Transport, Inc. v. Davis, 406 F.2d 1158 (5th Cir.), cert. denied, 394 U.S. 1012 (1969). This is such a case.
 
 
 9
 To invoke the jurisdiction of the Claims Court under the Tucker Act, 28 U.S.C. § 1491 (1988), a plaintiff must base a complaint upon a relevant constitutional provision, statute, or regulation that mandates the payment of money to him. United States v. Connolly, 716 F.2d 882 (Fed.Cir.1983) (in banc), cert. denied, 465 U.S. 1065 (1984). Brutus has not carried his burden of establishing the Claims Court's jurisdiction over his complaint. The various statutes cited by Brutus offer no basis for a claim under the Tucker Act. Here, there is no question that the Claims Court correctly dismissed Brutus' complaint on the ground that it did not have jurisdiction.
 
 
 10
 Accordingly,
 
 IT IS ORDERED THAT:
 
 11
 (1) The United States' motion to dismiss Brutus' appeal is denied.
 
 
 12
 (2) The United States' motion for summary affirmance is granted.