996 F.2d 319
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Orlon R. HILL, Petitioner,
v.
DEPARTMENT OF THE ARMY, Respondent.
 No. 93-3054.
 United States Court of Appeals, Federal Circuit.
 April 19, 1993.
 
 Before RICH, PLAGER and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Orlon R. Hill petitions for review of the June 30, 1992 Initial Decision of the Administrative Judge (AJ), Docket No. DA1221920394-W-1, dismissing his appeal on the ground that it was barred by res judicata. The Initial Decision became the final decision of the Merit Systems Protection Board when the Board denied review on November 5, 1992. We affirm.
 
 DISCUSSION
 
 2
 In May of 1991, Hill was demoted on the basis of various charges of misconduct including reprisal against EEO complainants, aggravating an offensive work atmosphere, and creating a threatening and hostile work environment. Hill appealed the demotion to the Board (first action). On October 10, 1991, the AJ sustained most of the specifications underlying the charges and concluded that the demotion was proper. The AJ also concluded that the Department of the Army's action was not the result of discrimination based on a handicapping condition and that the Army's action was not the result of reprisal for any whistleblowing activities that Hill might have participated in. Specifically, the AJ determined that the first set of alleged whistleblowing activities, concerning the disclosure of certain contracting information, was too remote in time to have been a contributing factor to the Army's action. As to the second set of alleged whistleblowing activities, a disclosure to the Inspector General concerning an alleged affair between a military officer and a civilian employee, the AJ concluded that the disclosure was not a contributing factor to the Army's action.
 
 
 3
 In November of 1991, Hill petitioned the Board for review of the AJ's initial decision in the first action. On January 24, 1992, the Board denied Hill's petition for review. Hill sought review of the Board's decision regarding his claim of discrimination based on handicapping conditions with the Equal Employment Opportunity Commission. The Commission concurred with the Board's findings on August 7, 1992.
 
 
 4
 Meanwhile, Hill filed a complaint with the Office of Special Counsel (OSC) alleging that he was demoted in reprisal for whistleblowing and on the basis of a handicapping condition. On January 15, 1992, the OSC responded to Hill's complaint, stating that there was insufficient evidence to warrant further action. Hill then sought corrective action before the Board (second action) by way of an Individual Right of Action (IRA) appeal. On June 30, 1992, the AJ in the second action dismissed Hill's IRA appeal as barred by res judicata. The Board denied Hill's petition for review and Hill petitioned this court for review of the final decision concerning his IRA appeal.
 
 
 5
 Most of Hill's arguments are directed to the first action. However, Hill did not petition this court for review of the Board's decision in that action and our review here is limited to the second action, and whether the Board properly dismissed Hill's IRA appeal as barred by res judicata. Hill argues that the Board's decision regarding res judicata was erroneous because the AJ in the first action should not have ruled on the whistleblowing issues without accepting all of Hill's evidence and argument on those issues. However, the decision in the first action is not at issue here. Hill has not shown why res judicata does not bar his attempt to relitigate the determinations on issues that he presented, or should have presented, in his first appeal concerning his demotion. See Spears v. Merit Sys. Protection Bd., 766 F.2d 520, 523 (Fed.Cir.1985).
 
 
 6
 We conclude that the Board's decision is not (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). Accordingly, we affirm the Board's dismissal of Hill's appeal.