36 F.3d 1115
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lewis O. SAUNDERS, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3386.
 United States Court of Appeals, Federal Circuit.
 Sept. 12, 1994.
 
 Before RICH, NEWMAN, and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Lewis O. Saunders petitions for review of a decision of the Merit Systems Protection Board (Board), Docket No. DC-3443-94-0091-I-1, dismissing Mr. Saunders' appeal of a decision from the Equal Employment Opportunity Commission (EEOC) for lack of jurisdiction. An initial decision by an Administrative Judge (AJ), dated December 14, 1993, became the Board's final decision on April 29, 1994, when it denied review of the AJ's decision. We affirm.
 
 DISCUSSION
 
 2
 The Board's jurisdiction is limited to those actions made appealable to it by law, rule or regulation. 5 U.S.C. Secs. 1204(a)(1), 7701(a); Roche v. United States Postal Serv., 828 F.2d 1555, 1557 (Fed.Cir.1987). Moreover, the Board's jurisdiction over discrimination complaints extends only to those raised in connection with personnel actions otherwise appealable to the Board. 5 U.S.C. Secs. 7702(a)(1) and (2). See Cruz v. Department of the Navy, 934 F.2d 1240, 1245 (Fed.Cir.1991); Spears v. Merits Systems Protection Board, 766 F.2d 520, 522-23 (Fed.Cir.1985). The petitioner bears the burden of establishing jurisdiction. Minor v. Merit Systems Protection Board, 819 F.2d 280, 282 (Fed.Cir.1987).
 
 
 3
 Mr. Saunders appealed to the Board a decision by an administrative judge of the EEOC that recommended dismissal of Mr. Saunders' discrimination complaint. The AJ held that Mr. Saunders had failed to meet his burden of establishing Board jurisdiction over the EEOC decision. In particular, the AJ first noted that Mr. Saunders had failed to identify any law or regulation authorizing the Board to review recommended decisions of EEOC administrative judges. The AJ then noted that, notwithstanding this, the personnel actions upon which Mr. Saunders based his discrimination claims, such as reassignment to a different job series at the same grade, receipt of lower performance ratings, nonselection by the agency for promotions, and alleged denial of opportunities for advancement and training, are not personnel actions over which the Board may exercise jurisdiction. Mr. Saunders has failed to point out any errors in the AJ's decision justifying reversal.
 
 
 4
 This court reviews Board decisions under a very narrow standard, affirming them unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). Having reviewed the record before us, we cannot say that the Board's decision falls within any of these categories.