64 F.3d 672
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Benjamin T. DOMINGUEZ, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3438.
 United States Court of Appeals, Federal Circuit.
 July 10, 1995.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 ORDER
 MAYER, Circuit Judge.
 
 
 1
 The Office of Personnel Management (OPM) moves for summary affirmance of the Merit Systems Protection Board's decision dismissing Benjamin T. Dominguez's petition for review under the doctrine of res judicata. Dominguez has not responded.
 
 
 2
 In 1981, the Board issued an initial decision denying Dominguez's claim of entitlement to retirement benefits pursuant to the Civil Service Retirement Act, 5 U.S.C. Sec. 8331 et seq. The Board denied Dominguez's claim on the ground that he had served under temporary, intermittent, or indefinite appointments in the excepted service, all of which were excluded from coverage under the CSRA. Ten years later, in 1991, Dominguez filed a petition for review of the Board's initial decision, claiming that he had found new and material evidence not previously available to him. The Board dismissed Dominguez's petition as untimely and stated that the initial decision would remain the final decision of the Board with regard to the merits of the case. The Board also determined that Dominguez had not shown that his submission, even if accepted as new evidence, would warrant an outcome different from that of the initial decision.
 
 
 3
 On January 12, 1995, Dominguez sought to reopen his appeal before the Board. The Administrative Judge (AJ) directed Dominguez to present evidence and argument showing why his appeal should not be dismissed under the doctrine of res judicata. Dominguez filed two replies but did not address the issue of his earlier appeal. On March 17, 1995, the AJ dismissed Dominguez's appeal on the ground that the parties to the appeal were identical to those in the earlier case and Dominguez was attempting to relitigate issues that had been specifically considered and decided by the Board in its 1981 decision. Dominguez petitioned this court for review.
 
 
 4
 Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). In the present case, it is clear that summary disposition is warranted. Dominguez's appeal concerns a claim for retirement benefits under the CSRA on the basis of his service from 1940 until 1964, the same claim that was considered in the Board's 1981 decision. Dominguez has made no attempt to explain why his appeal should not be dismissed under the doctrine of res judicata. Thus, the Board correctly concluded that Dominguez was barred by res judicata from relitigating his claim for benefits. See Spears v. Merit Systems Protection Board, 766 F.2d 520, 523 (Fed. Cir. 1985).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) OPM's motion for summary affirmance is granted.
 
 
 7
 (2) Each side shall bear its own costs.