**Joseph R. LISTERMAN, Petitioner,**

v.

**DEPARTMENT OF JUSTICE, Respondent.**

**No. 03–3031.**

United States Court of Appeals, Federal Circuit.

DECIDED: Feb. 26, 2003.

---

Before MICHEL, RADER, and SCHALL, Circuit Judges.

## ORDER

MICHEL, Circuit Judge.

The Department of Justice moves for summary affirmance of the Merit Systems Protection Board's August 22, 2002 order modifying and affirming the Administrative Judge's (AJ) initial decision order dismissing Joseph R. Listerman's appeal as barred by res judicata. Listerman has not responded.

In 1986, Listerman appealed his removal by the Bureau of Prisons to the Board. The Board rejected Listerman's affirmative defense of handicap discrimination and sustained the agency's removal action. This court affirmed the Board's decision. *Listerman v. Justice,* 818 F.2d 877 (Fed. Cir.1987) (Table).

In 2002, Listerman filed an action with the board based on his allegation that the agency had retaliated against him for "whistleblowing," i.e., filing his discrimination claim. The AJ concluded: "[B]ecause the appellant could have raised his retaliation claim in his first [1986] appeal, which has been resolved by a valid final judgment, the doctrine of *res judicata* bars him from filing the instant request for corrective action based on whistleblowing." The Board affirmed the AJ's res judicata determination.

Summary affirmance of a case "is appropriate, *inter alia,* when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States,* 17 F.3d 378, 380 (Fed. Cir.1994) (summarily affirming the Court of Federal Claims' dismissal of a complaint). The Department of Justice argues that summary affirmance is appropriate because the Board properly concluded that Listerman's appeal was barred by res judicata.

We agree that the Board correctly dismissed Listerman's appeal because Listerman's 2002 reprisal claims could have been raised in the original 1986 challenge to his removal. *Cf. Spears v. Merit Systems Protection Board,* 766 F.2d 520, 523 (Fed. Cir.1985) ("Having previously appealed her removal to the Merit Systems Protection Board on nondiscrimination grounds and lost, Spears is barred by *res judicata* from subsequently challenging her termination on the allegation of discrimination."). Thus, because no substantial question exists regarding the outcome of the instant petition for review, the court summarily affirms the decision of the Board.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted.

(2) Each side shall bear its own costs.