**Glenda G. CROOK (now known as Glenda Gail Parker), Petitioner,**

v.

**DEPARTMENT OF DEFENSE, Respondent.**

No. 03–3152.

United States Court of Appeals, Federal Circuit.

DECIDED: July 14, 2003.

Rehearing and Rehearing En Banc Denied Sept. 10, 2003.

Before NEWMAN, MICHEL, and RADER, Circuit Judges.

PER CURIAM.

Glenda Gail Parker (formerly Glenda Gail Crook) petitions for judicial review of the final decision of the Merit Systems Protection Board ("Board") dated December 19, 2002, Docket No. DC–0752–02–0053–I–1, declining review of the initial decision of the administrative judge ("AJ") sustaining Parker's removal for loss of her security clearance. Because we conclude that substantial evidence supports the Board's decision sustaining Parker's removal and because the Board properly declined to decide the other issues presented, we *affirm.*

## BACKGROUND

Ms. Parker was employed as a Security Assistance Analyst, GM–1101–15, in the Defense Security Cooperation Agency ("Agency"). The Agency designated this position "special sensitive" and it therefore required a top secret security clearance. On October 4, 2000, the Agency informed Parker that it had made a tentative determination to revoke her eligibility for access to classified information and/or occupancy of a sensitive position. On December 20, 2000, the Agency revoked Parker's security access and on March 28, 2001 the Agency suspended Parker indefinitely. The Agency denied Parker's appeal of its revocation of her security clearance on August 2, 2001. On September 5, 2001, the Agency issued a decision to remove Parker because she lacked the security clearance necessary for her position. Parker resigned on September 14, 2001.

## DISCUSSION

We will affirm a decision of the Board unless it is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupport-

ed by substantial evidence. 5 U.S.C. § 7703(c) (2000).

### I.

■ Before the Board, agencies must prove charges supporting a removal by a preponderance of the evidence. 5 U.S.C. § 7701(c)(1)(B) (2000). Parker argues that the Board failed to do so, because it erred in determining her position required a security clearance. The record belies her argument, however, as there was testimony that "within the agency all positions are required to have a secret clearance or higher" and documentary evidence in the form of a standard Agency form identifying her position as "special sensitive." This constitutes substantial evidence supporting the Board's decision.

■ Parker also argues that the Board erred by declining to consider whether her security clearance was properly revoked. The Board was correct, however, in its determination that it lacked jurisdiction to consider the propriety of the Agency's revocation of Parker's security clearance. "[I]t would be improper, without a clear directive from Congress, to allow a non-expert body, such as the Merit Systems Protection Board, to review the merits of [security clearance] determinations." *Hesse v. Dep't of State*, 217 F.3d 1372, 1377 (Fed.Cir.2000).

■ Parker next apparently argues that the Agency's procedures denied her due process. This argument also fails. First of all, "this court has held, the Due Process Clause of the Fifth Amendment has no application to a proceeding to review an employee's security clearance." *Id.* at 1381 (citing *Jones v. Dep't of the Navy*, 978 F.2d 1223, 1225–26 (Fed.Cir. 1992)). To the extent Parker argues she was given insufficient notice or explanation of the Agency's reasons for revoking her clearance, we note that the Agency provided Parker with its reason for revoking her clearance and gave her an opportunity to respond to that reason. As in *Hesse*, "[d]ue process did not require a fuller explanation." *Id.* at 1382.

### II.

■ Parker also asserts various other defenses to her removal, including, discrimination under the Civil Rights Act of 1964, the Whistleblower Protection Act, the Uniformed Services Employment and Reemployment Act of 1994, and violations of various portions of the Constitution. We must also reject these arguments. First, this court lacks jurisdiction to reach the merits of a discrimination claim. *Spears v. Merit Systems Protection Board,* 766 F.2d 520, 522 (Fed.Cir.1985). Board decisions reaching the merits of discrimination claims must be appealed in the district courts, and not to this court. 5 U.S.C. § 7703(b)(1); *Spears,* 766 F.2d at 522. Second, no statute (cited by Parker, or otherwise) authorizes the Board to review security clearance determinations. *See Hesse,* 217 F.3d at 1377–80. Third, Parker has not identified any constitutional reason why the Agency should not remove her from her position given her loss of security clearance.

### CONCLUSION

For all the reasons stated above, we *affirm* the Board's determination that the Agency's removal should be sustained.