# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

QUIRINO B. ESTABILLO,
　　　　　　Petitioner,

　　　　v.

OFFICE OF PERSONNEL
　　MANAGEMENT,
　　　　　　Agency.

DOCKET NUMBER
CB-1205-15-0030-U-1

DATE: December 14, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Rizalino S. Cayle</u>, Olongapo City, Philippines, for the petitioner.

<u>Stephanie Fekete</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　　The petitioner asks the Board, pursuant to 5 U.S.C. § 1204(f), to review a regulation of the Office of Personnel Management (OPM) at 5 C.F.R. § 831.201(a)(13).　For the reasons discussed below, we DENY the petitioner's request as barred by res judicata.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.　Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.　In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.　*See* 5 C.F.R. § 1201.117(c).

## DISCUSSION

¶2     The Board has original jurisdiction to review rules and regulations promulgated by OPM.  5 U.S.C. § 1204(f).  The Board is authorized to declare an OPM rule or regulation invalid on its face if the Board determines that the provision would, if implemented by an agency, require any employee to violate a prohibited personnel practice as defined by 5 U.S.C. § 2302(b).  *See* 5 U.S.C. § 1204(f)(2)(A).  The Board's regulations require an individual requesting such review to describe specifically how the regulation would require a prohibited personnel practice and to identify the specific prohibited personnel practice alleged.  5 C.F.R. § 1203.11(b)(1)(iii-iv).

¶3     The petitioner contends that 5 C.F.R. § 831.201(a)(13) violates 5 U.S.C. § 8347(g), which authorizes OPM to exclude from civil service retirement coverage employees whose employment is temporary or intermittent, because the regulation excludes from such coverage employees like the petitioner who served under an indefinite appointment made after January 23, 1955.[2]  The petitioner contends that, by erroneously defining temporary appointments to include indefinite appointments in violation of section 8347(g), OPM's regulation requires the commission of a prohibited personnel practice under 5 U.S.C. § 2302(b)(11).  According to the petitioner, section 8347(g) is a statute within the meaning of section 2302(b)(11) that implements or directly concerns the merit system principle providing that employees should be protected against arbitrary actions.  *See* 5 U.S.C. § 2301(b)(8)(A).

¶4     In its response to the petitioner's request, OPM asks the Board to dismiss the petitioner's request for lack of jurisdiction or to deny the request because the issues that are raised by the petitioner are barred by res judicata.  As to the latter argument, OPM notes that the petitioner has presented this same claim several

---

[2] The petitioner was employed periodically from 1960 until his retirement in 1991 by the Department of the Navy in Subic Bay, the Philippines.  *Estabillo v. Office of Personnel Management*, No. 94-3552, 1995 WL 413204 (Fed Cir. July 17, 1995).

times to the Board, first in an appeal of OPM's denial of his initial request for retirement benefits and subsequently in three requests for review of the OPM regulation at issue here.

¶5 The Board's decision rejecting this claim in the petitioner's appeal from OPM's denial of retirement benefits was summarily affirmed by the U.S. Court of Appeals for the Federal Circuit, *see Estabillo*, 1995 WL 413204; *supra* n.2, citing its precedential decision on this issue in *Rosete v. Office of Personnel Management*, 48 F.3d 514 (Fed. Cir. 1995). The petitioner's previous regulation review requests based on the same claim were denied by the Board on res judicata grounds, and the two decisions that were appealed were dismissed by the Federal Circuit. *See Estabillo v. Office of Personnel Management*, 71 M.S.P.R. 567 (1996) (Table); *Estabillo v. Office of Personnel Management*, 82 M.S.P.R. 15 (1999); *Estabillo v. Office of Personnel Management*, 100 M.S.P.R. 560 (2005).

¶6 The doctrine of res judicata precludes a second action involving the same parties and based on the litigation of claims that were, or could have been, asserted in a prior proceeding. *See Nevada v. United States*, 463 U.S. 110, 130 (1983); *Spears v. Merit Systems Protection Board*, 766 F.2d 520, 523 (Fed. Cir. 1985); *Francisco v. Office of Personnel Management*, 80 M.S.P.R. 684, 686 (1999). The petitioner's claim here is identical to the claim he has previously litigated, and he has not shown that any additional argument he is attempting to present in this case could not have been raised in the first of these proceedings.

**ORDER**

¶7 Accordingly, we dismiss the petitioner's request for regulation review because it is barred by the doctrine of res judicata. This is the final decision of the Merit Systems Protection Board in this proceeding. Title 5 of the Code of Federal Regulations, section 1203.12(b) (5 C.F.R. § 1203.12(b)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.