**John DOE, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 98–896 C.

United States Court of Federal Claims.

March 24, 2000.

**OPINION AND ORDER**

HODGES, Judge.

This is a class action against the United States on behalf of current and former Department of Justice Attorneys. The class claims that its members are entitled to overtime pay or compensatory time off pursuant to The Federal Employees Pay Act, 5 U.S.C. §§ 5542, 5543 and 5545(c)(2). Sections 5542 and 5543 provide that government employees are entitled to premium pay or compensatory time for overtime work that is ordered or approved by an authorized person, with certain exceptions. Perhaps alternatively, plaintiffs argue that § 5545(c)(2) provides premium pay for administratively uncontrollable overtime.

The parties are in the process of deposing attorneys in two test offices to determine the nature of any orders to work overtime or approval of such work by authorized persons. Meanwhile, defendant has filed a motion to dismiss two claims on legal grounds. One of these is plaintiffs' claim that current or former GS–15, Step 10 employees may be included in the class of attorneys eligible for overtime pay or compensatory time off. The other claim is that Department of Justice attorneys can claim administratively uncontrollable overtime. AUO provides premium pay on an annual basis for employees who incur "substantial amounts of irregular, unscheduled overtime duty with the employee generally being responsible for recognizing, without supervision, circumstances which require the employee to remain on duty. . . ."

For the reasons stated below, we grant defendant's motion.

**DISCUSSION**

A. GS–15 Claims

■ Three sections of the Federal Employees Pay Act control this issue. 5 U.S.C. § 5542 states generally that Federal employees who work overtime are entitled to premi-

um pay, "except as otherwise provided by this subchapter...."[1]

5 U.S.C. § 5547 provides that § 5542 does not apply to any person whose aggregate rate of pay during a given pay period would exceed the maximum rate for GS–15 because of premium pay.[2]

5 U.S.C. § 5543(a) provides that an employee entitled to overtime pay may request compensatory time off instead. Such compensatory time is subject to approval by the appropriate supervisor. However, an employee above GS–10 may receive overtime pay only if the agency permits it; he or she must receive compensatory time if the agency does not permit overtime pay.[3] Such person is not entitled to overtime pay to the extent that it would exceed the maximum rate for GS–15 during any pay period.

To simplify further, up to GS–11 a government employee is entitled to overtime pay unless the employee requests compensatory time instead. Employees GS–11 to GS–15/10 are not entitled to overtime pay unless the Agency permits it, but they are entitled to compensatory time in lieu thereof with certain exceptions. GS–15/10 employees and above are not entitled to overtime pay or compensatory time.

Section 5547's limitation on premium pay is absolute as it applies to GS–15/10 and above. Compensatory time is not an alternative to overtime pay at those levels. The purpose of § 5543 is to provide compensatory time in lieu of overtime pay to which an employee otherwise is entitled pursuant to § 5542. Section 5547 employees are not entitled to any pay pursuant to § 5542. Any employee who is not covered by § 5542 cannot be covered under § 5543.

We must interpret statutes in such a way as to give effect to all of the provisions if possible. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 36, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992) ("settled rule that a statute must, if possible, be construed in such fashion that every word has some operative effect.") The three sections discussed above establish a reasonable hierarchy of pay levels: below GS–11, GS–11 through GS–15/9, and GS–15/10 and above. This scheme is logical and understandable. It is consistent and coherent. Employees below GS–11 are entitled to cash for overtime but may request compensatory time instead. Middle range employees are not entitled to cash unless the Agency permits it, but they must receive compensatory time in lieu. Higher level employees are not entitled to overtime or compensatory time.

Section 5547 states that employees whose payment *during any pay period* would exceed the GS–15/10 level because of overtime are not entitled to payment beyond that level. If we determine that the other requirements of "ordered and approved" are met, the parties must assist the court in determining the extent to which individuals qualifying for overtime pay or compensatory time under § 5542 and § 5543(a)(2) may have exceeded this limit during a given pay period and how such information may be calculated in the context of a class action.

1. Section 5542. Overtime rates; computation

   (a) For full-time, part-time and intermittent tours of duty, hours of work officially ordered or approved in excess of 40 hours in an administrative workweek, or ... in excess of 8 hours in a day, performed by an employee are overtime work and shall be paid for, *except as otherwise provided by this subchapter*, at the following rates.... (emphasis added).

2. Section 5547. Limitation on premium pay

   (a) An employee may be paid premium pay under sections 5542, 5545(a), (b), and (c), 5545a, and 5546(a) and (b) of this title only to the extent that the payment does not cause his aggregate rate of pay for any pay period to exceed the maximum rate for GS–15....

3. 5543. Compensatory time off

   (a) The head of an agency may—
   (1) on request of an employee, grant the employee compensatory time off from his scheduled tour of duty instead of payment under section 5542 or section 7 of the Fair Labor Standards Act of 1938 for an equal amount of time spent in irregular or occasional overtime work; and
   (2) provide that an employee whose rate of basic pay is in excess of the maximum rate of basic pay for GS–10 ... shall be granted compensatory time off from his scheduled tour of duty equal to the amount of time spent in irregular or occasional overtime work instead of being paid for that work under section 5542 of this title.

## B. Administratively Uncontrollable Overtime

■ Defendant moved to dismiss plaintiffs' claims for Administratively Uncontrollable Overtime contending that the Agency head has discretion to determine whether to authorize AUO payments. Plaintiffs allege that 5 U.S.C. § 5545(c)(2) provides an absolute right to overtime payments for attorneys who meet the statutory requirements.

Section 5545(c)(2) states:

The head of an agency, with the approval of the Office of Personnel Management, may provide that—

an employee in a position in which the hours of duty cannot be controlled administratively, and which requires substantial amounts of irregular, unscheduled overtime duty with the employee generally being responsible for recognizing, without supervision, circumstances which require the employee to remain on duty, shall receive premium pay for this duty on an annual basis instead of premium pay provided by other provisions of this subchapter, except for regularly scheduled overtime, night, and Sunday duty, and for holiday duty.

The discretion to determine whether an employee will be provided premium pay under this section rests with the head of the Agency, with the approval of the Office of Personnel Management. Both agencies must exercise discretion in deciding whether an employee is entitled to AUO pay pursuant to this statute.

The Attorney General issued DOJ Order 1551.4A, which "establishes policy and procedures governing the payment of premium pay on an annual basis for administratively uncontrollable overtime. . . ." The Order at paragraph 6 sets forth criteria for determining which positions are eligible for AUO pay. Paragraph 7 of the Order describes the authorized positions:

Premium pay under this order may be paid to eligible employees assigned to the classes of positions listed in Appendix 1 to this order. The Assistant Attorney General for Administration will authorize administratively uncontrollable overtime pay for

additional classes of positions upon the request of a bureau director which shows that the positions meet the criteria set out in paragraph 6.

Appendix 1 to the Order lists the following positions as qualifying for AUO:

1. Airline pilot engaged in air-to-ground border patrol activities.
2. Border patrol agent.
3. Criminal investigator.
4. General investigator, GS–9 and above.
5. Officer-in-charge, Immigration and Naturalization Service domestic office, engaged in investigative duties.
6. Immigration officer, foreign area, engaged in investigative duties.

The Attorney General did not include "Attorney" on this list. We have seen no request by a bureau director to the include attorneys in the class of employees entitled to AUO pay pursuant to paragraph 7 of the Order.

Plaintiffs concede that the Attorney General has established criteria for determining which employees are eligible for AUO pay by DOJ Order 1551.4A. However, they contend that the mere adoption of an AUO program mandates that all qualifying employees receive AUO pay, citing *Hannon v. United States*, 29 Fed.Cl. 142 (1993). We do not agree that *Hannon* makes such a holding. If it does, we decline to follow it.

The plain language of Section 5545(c)(2) authorizes the Attorney General to provide AUO for "*an employee in a position* in which the hours of duty cannot be controlled administratively. . . ." (emphasis added). The regulations at 5 C.F.R. § 550.161(b) provide that "the head of the agency is responsible for determining *which employees* shall receive premium pay on an annual basis. . . ." (emphasis added). The statute and the implementing regulations contemplate that AUO will be available to some employees, but not all.

This court has determined that 5 U.S.C. § 5545(c)(2) is not, "in and of itself," a money mandating statute. *Evans v. United States*, 14 Cl.Ct. 194, 197 (1988) (*aff'd mem.*, 862 F.2d 320 (Fed.Cir.1988)). The "use of 'may' expressly places the determination of method of overtime compensation within the agency's

discretion." 862 F.2d at 320. Section 5545(c)(2) does not entitle plaintiffs to an automatic claim for AUO pay because the method of overtime compensation is within the discretion of the agency. Attorneys are not within the class of individuals eligible to receive AUO pay.[4]

## CONCLUSION

Attorneys paid at the level of GS–15, Step 10 are not entitled to overtime or compensatory time in any circumstances. AUO has not been authorized for employees in the position of "Attorney," so plaintiffs' claim for compensation pursuant to 5 U.S.C. § 5545(c)(2) must be dismissed. Defendant's partial motion to dismiss is GRANTED.

---

4. Plaintiffs also argue that "this Court may exercise jurisdiction over claims that it would not have jurisdiction to hear standing alone when necessary to effectuate judgment over an entire claim. To determine whether jurisdiction in such circumstances is proper, the court must determine if 'a proper nexus exists' between claims over which the court possesses primary Tucker Act jurisdiction and which are 'incident' to such claims." However, plaintiffs' claim for AUO is not incidental to their claim for overtime under § 5542 or compensatory time under § 5543. It is an alternative form of relief sought by plaintiffs.