**594**

John DOE, et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 98–896 C.

United States Court of Federal Claims.

Sept. 1, 2000.

Robert A. Van Kirk, Williams & Connolly LLP, Washington, D.C., for plaintiffs.

Hillary A. Stern, United States Department of Justice, Washington, D.C., for defendant.

## OPINION AND ORDER

HODGES, Judge.

This is a class action by current and former Department of Justice attorneys. They claim entitlement to overtime pay or compensatory time pursuant to The Federal Employees Pay Act, 5 U.S.C. §§ 5542, 5543. We asked the parties to brief the issue of whether § 5542 is a money mandating statute because it seems to grant the Agency discretion to pay compensatory time rather than overtime pay. Defendant moved to dismiss because plaintiffs have no right to money damages. Defendant's motion to dismiss is denied.

## DISCUSSION

Section 5542 of the Federal Employees Pay Act provides that employees who work overtime officially ordered or approved must be compensated. It states,

> For full-time, part-time and intermittent tours of duty, hours of work officially ordered or approved in excess of 40 hours in an administrative workweek, or ... in excess of 8 hours in a day, performed by an employee are overtime work and *shall be paid for*, except as otherwise provided by this subchapter, at the following rates....

5 U.S.C. § 5542(a) (emphasis added). No exception for professional employees is provided in the statute. The subchapter provides an alternative for certain employees, however. The Agency may award compensatory time in lieu of pay. *See* 5 U.S.C. § 5543. For employees below grade GS–10–10, the Agency will grant compensatory time only upon request of an employee. Employees whose rate of basic pay is in excess of the maximum rate of pay for GS–10 may, at the discretion of the Agency, receive compensatory time instead of being paid for that work under § 5542. The choice to award compensatory time rests entirely with the Agency

for employees exceeding the maximum rate for GS–10.[1]  Section 5543(a)(2) states,

(a) The head of an agency may—

(2) provide that an employee whose rate of basic pay is in excess of the maximum rate of basic pay for GS–10 . . . shall be granted compensatory time off . . . equal to the amount of time spent in irregular or occasional overtime work instead of being paid for that work under section 5542 of this title.

The issue here is whether § 5542 mandates the payment of money for purposes of our jurisdictional statute when the Agency has absolute discretion to award compensatory time instead of pay.

  Jurisdiction is proper in this court where a statute exists that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976) (*quoting Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009, 178 Ct.Cl. 599, 607 (1967)).

  Section 5542 requires the payment of money for overtime worked.  While the Secretary may award compensatory time in lieu thereof, she must compensate employees for overtime if they meet the other criteria.  The statute says "shall be paid for . . . ."  5 U.S.C. § 5542(a).  Section 5543 states that the head of an agency "may" provide compensatory time rather than overtime pay.  Until the Secretary chooses to award compensatory time off, those plaintiffs are entitled to overtime pay assuming the other criteria are met.

Defendant argues that "because the agency has the option of providing compensatory time, it has the discretion to deny monetary compensation altogether."  Perhaps, but the

Agency has not done so.  The United States must compensate employees who work overtime in some manner.[2]  The Agency has not elected to provide compensatory time to date, so plaintiffs may sue for compensation in this court.[3]

## CONCLUSION

Section 5542 is a money mandating statute. We have jurisdiction to hear plaintiffs' complaint.  Defendant's motion to dismiss is DENIED.

---

1. We have already ruled that attorneys paid at the level of GS–15, Step 10 are not entitled to overtime or compensatory time in any circumstances.  *Doe v. United States*, 46 Fed.Cl. 399 (2000).

2. The statute requires that the overtime be "ordered or approved."  We do not address that issue here.

3. Department of Justice regulations provide a method whereby compensatory time may be liquidated at the overtime rate of pay.  5 C.F.R. § 550.114(e) states that the "dollar value of compensatory time off when it is liquidated . . . is the amount of overtime pay the employee . . . would have received for the hours of the pay period during which compensatory time off was earned by performing overtime work."  Thus, compensatory time may be converted to a money claim in certain instances.