BRYSON, Circuit Judge.
 

 Richard E. Fleshman appeals from the decision of the Court of Veterans Appeals affirming the denial of Mr. Fleshman’s request that his claim for disability benefits be assigned an earlier effective date. We agree with the Court of Veterans Appeals that Mr. Fleshman’s first application for benefits was not “in the form prescribed by the Secretary,” 38 U.S.C. § 5101(a), and that it therefore did not have the effect of establishing an earlier entitlement date for his receipt of benefits.
 

 I
 

 On May 24,1986, while on active duty with the United States Army, Mr. Fleshman fell from a repelling tower. As a result of the fall, Mr. Fleshman sustained injuries to his back and right leg, including a compression fracture in the lumbar region of his spine. Following treatment, Mr. Fleshman returned to duty and completed his enlistment. After his honorable discharge on October 8, 1987, Mr. Fleshman sought compensation benefits for his back injury by filing a claim form with the Department of Veterans Affairs regional office in Cleveland, Ohio. Mr. Fleshman, however, did not fill out the second page of the two-page form. He therefore failed to complete the portion of the form calling for (1) his signature, certifying that the statements in the form were accurate and complete, and consenting to have any treating physicians furnish information to the Department of Veterans Affairs; (2) his mailing address; and (3) the date of execution of the form. Upon receiving the incomplete application, the regional office placed cheek marks next to the boxes where the missing information should have been included. The office then returned the form to Mr. Fleshman, along with a cover letter requesting him to complete the checked items and to return the completed form as soon as possible. The cover letter stated that if the form was not returned within a year of the date of the letter, “benefits, if entitlement is established,
 
 *1431
 
 may not be paid prior to the date of its receipt.” Mr. Fleshman never returned the form.
 

 On January 30, 1992, Mr. Fleshman submitted a new application seeking compensation benefits for his back injury. Unlike the 1987 application, the 1992 application was signed, dated, and bore a return address. Following a physical examination, the regional office granted Mr. Fleshman’s claim effective as of January 30,1992, the day on which it received his application. Mr. Fleshman appealed the regional office’s decision to the Board of Veterans’ Appeals, claiming,
 
 inter alia,
 
 that his 1987 application entitled him to an effective date of October 9, 1987, the day after his discharge from service.
 
 See
 
 38 U.S.C. § 5110(b)(1) (“The effective date of an award of disability compensation to a veteran shall be the day following the date of the veteran’s discharge or release if application therefor is received within one year from such date of discharge or release.”).
 

 The Board of Veterans’ Appeals denied Mr. Fleshman’s claim for an earlier effective date. The Board made the following factual findings: “The veteran filed an incomplete claims form for disability benefits in October 1987. Upon receipt of the claim, the RO [regional office] returned the claims form to the veteran requesting that additional information be provided prior to further processing of his claim. The form was never returned to the RO, and the veteran’s claim was deemed unprocessable. On January 30, 1992, the RO received a completed application....” Citing 38 C.F.R. § 3.158(a), the Board held that “[t]he veteran’s failure to return a completed claim form despite the RO’s request constituted abandonment of that claim.” The Board therefore concluded that Mr. Fleshman was entitled to benefits only as of January 30, 1992, the date on which the regional office received his completed claim form.
 
 See
 
 38 U.S.C. § 5110(a) (“Unless specifically provided otherwise in this chapter, the effective date of an award ... of compensation ... shall not be earlier than the date of receipt of application therefor.”).
 

 Mr. Fleshman appealed the decision of the Board of Veterans’ Appeals to the Court of Veterans Appeals. The court affirmed, but it did not base its decision on the “abandonment” ground on which the Board had relied. Instead, the court relied on 38 U.S.C. § 5101(a), which provides that “[a] specific claim in the form prescribed by the Secretary [of Veterans Affairs] must be filed in order for benefits to be paid or furnished to any individual under the laws administered by the Secretary.” Characterizing Mr. Fleshman’s unexecuted 1987 application as an informal claim,
 
 see
 
 38 C.F.R. § 3.155(a), the court held that “[b]eeause [Mr. Flesh-man] failed to comply with the Secretary’s requirements within one year from the date of the Secretary’s notification, the informal claim never became a claim in the form prescribed by the Secretary.” Accordingly, the court concluded that Mr. Fleshman did not submit a claim satisfying the requirements of section 5101(a) until he submitted his 1992 application, and that he was therefore not entitled to an effective date earlier, than January 30,1992.
 

 II
 

 A .
 

 In order to receive benefits from the Department of Veterans Affairs, an applicant must file a claim “in the form prescribed by the Secretary.” 38 U.S.C. § 5101(a);
 
 see also
 
 38 C.F.R. § 3.151(a). Mr. Fleshman contends the statute and regulation merely require a person claiming veterans’ benefits to file a claim on an application form provided by the Secretary. We disagree. That result would be compelled only if the provision used language such as “on the form” or “using the form.”
 
 Compare
 
 38 U.S.C. § 5101(a)
 
 and
 
 38 C.F.R. § 3.151(a)
 
 with
 
 38 C.F.R. § 3.160(b) (defining an original claim as “[a]n initial formal application
 
 on a form
 
 prescribed by the Secretary”) (emphasis added)
 
 and
 
 38 C.F.R. § 3.153 (stating that “[a]n application
 
 on a form
 
 jointly prescribed by the Secretary and the Secretary of Health, Education, and Welfare” will be considered to be a claim for death benefits) (emphasis added).
 

 We agree with the government’s contention that section 5101(a) requires applicants to submit a claim in a particular format, containing specified information, and
 
 *1432
 
 signed by the claimant, as called for by the blocks on the application form. Our holding does not mean, as Mr. Fleshman suggests, that a formal application submitted on the appropriate form will never be deemed sufficient unless it is letter perfect. However, where the applicant fails to provide critical elements of the information requested on the form and the Department of Veterans Affairs returns the form to the applicant requesting that he provide the missing items, the applicant will not have satisfied the “in the form prescribed by the Secretary” requirement of section 5101(a) until he submits the requested information.
 

 In arguing to the contrary, Mr. Fleshman relies on the Court of Veterans Appeals’ decision in
 
 Edenfield v. Brown,
 
 8 Vet.App. 384, 389 (1995), which states that section 5101 “require[s] a person claiming VA benefits to file a claim on an application form provided by the Secretary.” That statement indicates that using the prescribed application form is a necessary condition for compliance with section 5101(a), but it does not stand for the proposition that filling out the prescribed application form is the
 
 only
 
 requirement section 5101(a) imposes on applicants.
 

 Mr. Fleshman notes that 38 U.S.C. § 5101(c) directs the Secretary to deny an application for benefits if the Secretary requests the applicant to furnish his social security number and the applicant fails to do so. Because there is no analogous provision with respect to the information Mr. Flesh-man failed to provide, Mr. Fleshman argues that it is improper for the agency to deny an application on the ground that it is missing that information. That argument is unpersuasive, because it suggests that an application containing nothing but the claimant’s social security number would be adequate to satisfy section 5101(a), as long as the application was submitted on the correct form. Such an “application” could not reasonably be considered to be “in the form prescribed by the Secretary,” as section 5101(a) requires.
 

 Finally, Mr. Fleshman contends that even if section 5101(a) requires more than the filing of a claim on an application form provided by the Secretary, the Court of Veterans Appeals erred in ruling that his 1987 application was not in the proper form simply because it was missing his signature, his address, and the date on which he executed the application. Mr. Fleshman argues that his application contained all the “evidence” material to his claim and that it was therefore not “incomplete” within the meaning of 38 U.S.C. § 5103(a), which states that an application is “incomplete” if it lacks the “evidence necessary to complete the application.” Mr. Fleshman concludes that because his application was not “incomplete,” it must be deemed to be in the prescribed form within the meaning of section 5101(a).
 

 We reject that reasoning. An application may contain all the necessary “evidence” bearing on the veteran’s claimed disability, but still be missing critical information, so as to prevent the application from being in the form prescribed by the Secretary. In order to determine whether a particular item called for by the form is critical, it is necessary to assess the role of the missing item in the application process. The applicant’s signature is a critical element of the form because it is the manner by which the applicant (1) certifies that the statements made in the application are true and complete, (2) consents to allow any treating physician or hospital to furnish information about the applicant to the Department of Veterans Affairs, and (3) waives any privilege that would render such information confidential. By failing to sign the certification and waiver portions of the form, Mr. Fleshman omitted an element of the application that the Secretary reasonably regarded as necessary to enable the agency to process the claim. Thus, we agree with the CVA that the omissions in Mr. Fleshman’s 1987 application prevented that application from being “in the form prescribed by the Secretary,” as required by 38 U.S.C. § 5101(a).
 

 Because Mr. Fleshman’s original claim form lacked a critical component, the Court of Veterans Appeals was correct in characterizing his application as an informal claim,
 
 see
 
 38 C.F.R. § 3.155(a), and in concluding that because Mr. Fleshman failed to return the completed form within one year, his informal claim never became a valid claim in the form prescribed by the Secretary.
 
 See
 
 
 *1433
 

 id;
 
 38 U.S.C. § 5103(a). Consequently, we uphold the court’s determination that Mr. Fleshman is not entitled to an effective date earlier than January 30, 1992, the date on which he submitted his formal claim.
 

 B
 

 Aside from the merits of the section 5101(a) argument, Mr. Fleshman contends that the Court of Veterans Appeals’ decision must be reversed because it violates the
 
 Chenery
 
 doctrine, which generally bars a court from upholding an agency decision on a ground other than the one relied on by the agency.
 
 See Securities & Exch. Comm’n v. Chenery Corp.,
 
 318 U.S. 80, 87, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943) (“The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.”);
 
 Securities & Exch. Comm’n v. Chenery Corp.,
 
 332 U.S. 194, 196, 67 S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947) (“[A] reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis.”);
 
 NEC Home Elecs., Ltd. v. United States,
 
 54 F.3d 736, 743 (Fed.Cir.1995) (“We are powerless to affirm an administrative action on a ground not relied upon by the agency.”). Mr. Fleshman argues that both the Court of Veterans Appeals and this court are restricted to reviewing the propriety of the decision of the Board of Veterans’ Appeals based solely on the “abandonment” ground upon which the Board relied, and that neither court may affirm the Board’s decision on the ground that Mr. Fleshman failed to satisfy section 5101(a).
 

 As this court and others have noted, the
 
 Chenery
 
 doctrine is not applied inflexibly.
 
 See, e.g., Koyo Seiko Co. v. United States,
 
 95 F.3d 1094, 1099-1102 (Fed.Cir.1996);
 
 Arkansas AFL-CIO v. FCC,
 
 11 F.3d 1430, 1439-40 (8th Cir.1993);
 
 NLRB v. American Geri-Care, Inc.,
 
 697 F.2d 56, 64 (2d Cir.1982);
 
 Chae-Sik Lee v. Kennedy,
 
 294 F.2d 231, 233-34 (D.C.Cir.1961). In particular, the doctrine does not prohibit a reviewing court from affirming an agency decision on a ground different from the one used by the agency if the new ground is not one that calls for “a determination or judgment which an administrative agency alone is authorized to make.”
 
 Koyo Seiko,
 
 95 F.3d at 1101. In addition, the doctrine does not require a remand to the agency if it is clear that “the agency would have reached the same ultimate result” had it considered the new ground.
 
 Ward v. Merit Sys. Protection Bd.,
 
 981 F.2d 521, 528 (Fed.Cir.1992).
 

 In this case, the Board’s conclusion that Mr. Fleshman abandoned his claim included the explicit findings that his original claim form was “incomplete” and that he “did not file a completed claim” until his second application in 1992. The Board’s finding that Mr. Fleshman did not file a completed claim form in 1987 sufficient to establish his right to benefits provides the complete factual predicate for the legal conclusion that he failed to file “a specific claim in the form prescribed by the Secretary.” 38 U.S.C. § 5101(a); 38 C.F.R. § 3.151(a).
 

 While the Court of Veterans Appeals analyzed the defect in Mr. Fleshman’s original claim under a different legal rubric, the Board’s underlying findings demonstrate that the agency had already exercised its discretion in determining what information is required for an application to be in the proper form. In
 
 Chenery,
 
 by contrast, the agency had “formulated no judgment upon the requirements of the [relevant statutory provision].”
 
 Chenery Corp.,
 
 318 U.S. at 92, 63 S.Ct. at 461. For that reason, it seems clear to us that the agency would have reached the same conclusion if it had addressed the legal issue on which the Court of Veterans Appeals rested its judgment. We therefore disagree with Mr. Fleshman that the case must be remanded to allow the Board of Veterans’ Appeals to rule on the section 5101(a) issue in the first instance.
 

 Ill
 

 Mr. Fleshman raises two other challenges to the decision of the Court of Veterans Appeals, neither of which we find meritorious. First, he contends that the cover letter from the regional office, which stated
 
 *1434
 
 that “benefits, if entitlement is established, may not be paid prior to the date of ... receipt [of the missing information]” denied him due process, because it misleadingly suggested that he could receive benefits even if he did not respond to the agency’s request. We disagree. The letter clearly identified the missing items that Mr. Fleshman was required to submit, and it accurately advised him that if he did not respond within the one year deadline he was unlikely to receive any benefits until he submitted a completed application. That notice was adequate to satisfy the agency’s obligations under the Due Process Clause.
 
 See Morris v. Derwinski,
 
 1 Vet.App. 260, 265 (1991).
 

 Second, Mr. Fleshman argues that the Court of Veterans Appeals’ decision must be reversed because the Department of Veterans Affairs violated the Paperwork Reduction Act, 44 U.S.C. § 3512(a). In particular, he argues that the cover letter from the regional office constituted a “collection of information” within the meaning of 44 U.S.C. § 3502(3). Because the letter did not “display a valid control number assigned by the Director [of the Office of Management and Budget],” he argues that it was improper for the Department of Veterans Affairs to subject him “to any penalty for failing to comply” with its request. 44 U.S.C. § 3512(a). The short answer to that argument is that the regional office’s letter did not constitute a “collection of information,” as it did not “call[ ] for ... answers to ... questions.” 44 U.S.C. § 3502(3)(A). It was the application enclosed with the letter that contained the “questions posed.”
 
 Id.
 
 Because the application displayed a valid control number from the Office of Management and Budget, the request for information was in full compliance with the Paperwork Reduction Act.
 

 AFFIRMED.