**Elmer WINTERS, Claimant–Appellant,**

v.

**Hershel W. GOBER, Acting Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 99–7108.**

United States Court of Appeals, Federal Circuit.

July 26, 2000.

Michael P. Horan, Paralyzed Veterans of America, of Washington, DC, argued for claimant-appellant.

Bryant S. Banes, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were David W. Ogden, Acting Assistant Attorney General; David M. Cohen, Director; and Kirk Manhardt, Assistant Director. Of counsel on the brief were Donald E. Zeglin, Deputy Assistant General Counsel; and Michael J. Timinski, Attorney, Department of Veterans Affairs, of Washington, DC.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, for amicus National Organization of Veterans' Advocates.

Before PLAGER, CLEVENGER, and SCHALL, Circuit Judges.

PLAGER, Circuit Judge.

Elmer Winters appeals from a decision of the United States Court of Appeals for Veterans Claims,[1] *Winters v. West,* 12 Vet.

1. On March 1, 1999, the name of the United States Court of Veterans Appeals was changed to the United States Court of Appeals

App. 203 (1999) (en banc), in which the en banc court dismissed his case for failure to state a well grounded claim. Because, as we shall explain, the Court of Appeals for Veterans Claims exceeded its statutory authority, we vacate and remand.

## BACKGROUND

Veteran Elmer Winters filed claims in 1987 for disability ratings for post-traumatic stress disorder (PTSD) and peripheral neuropathy. His claims were denied, and he did not appeal the denial. Ten years later, in 1997, he asked the Regional Office of the Department of Veterans Affairs ("DVA") to reopen the claims based on the presentation of new and material evidence. *See* 38 U.S.C. § 5108;[2] 38 C.F.R. § 3.156 (1997).

The Regional Office denied the request to reopen the claims, on the ground that Mr. Winters did not have a medical diagnosis of either of these disorders, and therefore he did not present new and material evidence sufficient to warrant reopening his claims. Mr. Winters appealed to the Board of Veterans' Appeals ("Board"). The Board affirmed, holding that the evidence presented was not "new and material" under the test set forth in *Colvin v. Derwinski,* 1 Vet.App. 171 (1991), which required that new evidence be so compelling that it would likely reverse the outcome of the case in order for it to be deemed material. Mr. Winters appealed the decision of the Board to the Court of Appeals for Veterans Claims.

In between the time the Board made its ruling and the time the Court of Appeals for Veterans Claims decided Mr. Winters's appeal, this court issued its decision in *Hodge v. West,* 155 F.3d 1356 (Fed.Cir. 1998). *Hodge* changed in significant respects the standard for "material" to be applied in assessing requests to reopen

claims. In *Hodge,* this court overruled *Colvin,* concluding that the standard for materiality set forth in that case was more stringent than, and therefore inconsistent with, the standard as defined in 38 C.F.R. § 3.156(a), which requires only that the new evidence be "so significant that it must be considered in order to fairly decide the claim." *Id.* at 1359–60 (quoting § 3.156(a)).

In deciding Mr. Winters's appeal, the Court of Appeals for Veterans Claims, sitting en banc, recognized that, because of the intervening change in the law wrought by *Hodge,* the Board's decision could not be sustained on the grounds relied upon by the Board. The Court of Appeals for Veterans Claims then referred to its concurrent decision in *Elkins v. West,* 12 Vet. App. 209 (1999) (en banc). In *Elkins,* the Court of Appeals for Veterans Claims considered the changes in new and material evidence cases necessitated by *Hodge.*

Under the pre-*Hodge* practice, the test for "material" was so strict that any time it was met, the claim was deemed to be well grounded. Thus, once the evidence was found to be new and material, the DVA was able to proceed immediately to the merits. Under the lesser standard of *Hodge,* however, this linkage no longer necessarily held. Accordingly, the Court of Appeals for Veterans Claims reexamined its earlier practice, and established a new procedure in new and material evidence cases.

The previous test was set forth in *Manio v. Derwinski,* 1 Vet.App. 140 (1991). This test had two parts: First, the DVA would determine if the evidence was new and material under the *Colvin* standard. Second, if the evidence was new and material, the DVA would decide the claim on the merits.

for Veterans Claims pursuant to the enactment of the Veterans Programs Enhancement Act of 1998, Pub.L. No. 105–368, § 511, 122 Stat. 3315, 3341 (1998). We refer throughout this opinion to the court by its new name, although at the time of the proceedings and decisions here reviewed it was not so named.

2. All citations to U.S.C. are to the 1994 edition, unless otherwise noted. In addition, 38 U.S.C. §§ 7261 and 7292 were amended in 1998 as part of the renaming of the Court of Appeals for Veterans Claims (see footnote 1, *supra* ).

*Elkins* added a third step between the original two. First, the DVA would determine if the evidence was new and material under the *Hodge* standard; if so, it would reopen the claim, pursuant to 38 U.S.C. § 5108. Second (the new step), after reopening the claim, the DVA would determine whether the new evidence plus the previous record evidence made the claim well grounded. If the claim was deemed well grounded, the third step required the DVA to decide the claim on the merits (after assisting the veteran as required by 38 U.S.C. § 5107(a)).

The Court of Appeals for Veterans Claims then applied this new *Elkins* test to Mr. Winters's case. However, it skipped the first step, assuming that Mr. Winters had presented new and material evidence for its present purposes, and proceeded instead to the second step, reviewing "de novo" whether the claims were well grounded. The Court of Appeals for Veterans Claims used the test for a well grounded claim endorsed by this court in *Epps v. Gober*, 126 F.3d 1464 (Fed.Cir. 1997). To have a well grounded claim, the claimant must show: (1) medical diagnosis of a current disability; (2) evidence of inservice occurrence or aggravation of injury or disease; (3) medical evidence of a nexus between (1) & (2). The showing must be supported by evidence, not merely an allegation. *See id.* at 1468.

The Court of Appeals for Veterans Claims held that Mr. Winters had failed to show any current medical diagnosis of PTSD or peripheral neuropathy, and therefore the claims could not be well grounded as a matter of law, regardless of the materiality of the new evidence. The Court of Appeals for Veterans Claims found that the Board's error in applying the *Colvin* test was not prejudicial, since the claims were not well grounded in any case, and therefore remand to the Board for determination of whether Mr. Winters had presented new and material evidence

and whether his claim was well grounded would be "futile."

Mr. Winters now appeals to us the Court of Appeals for Veterans Claims's dismissal of his PTSD claim.[3] Mr. Winters asserts that the new test established under *Elkins* is contrary to both the plain meaning of the relevant statute (38 U.S.C. § 5108) and the regulations promulgated by the DVA under the statute (38 C.F.R. § 3.156(a)). Even if the test is valid, Mr. Winters maintains that the application of this test is inappropriate in his circumstances, as he had no prior notice that the requirements for a well grounded claim would be applied to his case.

Mr. Winters also contends that the attempt by the Court of Appeals for Veterans Claims to analyze his claim under the new standard improperly required it to make de novo findings on facts and issues that were not addressed by the Board, which considered only whether his evidence was new and material, not whether his claim was well grounded. He asserts that the changes in law brought about by *Hodge* and *Elkins* require that his case be remanded to the Board for reconsideration under the appropriate legal standards.

## DISCUSSION

This court has jurisdiction to review a challenge to the validity or interpretation of a statute or regulation relied upon by the Court of Appeals for Veterans Claims. *See* 38 U.S.C. § 7292. We review independently the Court of Appeals for Veterans Claims's interpretations of statutory provisions and regulations. *See* 38 U.S.C. § 7292(a), (c). It is our responsibility to decide all relevant questions of law. *See* 38 U.S.C. § 7292(d). Except to the extent that an appeal presents a constitutional issue, this court may not review challenges to a factual determination or to the application of a law or regulation to the facts of

---

**3.** Although the Government argues against the peripheral neuropathy claim in its brief, Mr. Winters did not appeal the decision on this claim and we therefore offer no comment on it.

a particular case. *See* 38 U.S.C. § 7292(d)(2).

■ We note first that this case presents issues similar to those in the recent decision of this court in *Maggitt v. West,* 202 F.3d 1370 (Fed.Cir.2000). In *Maggitt,* we ordered the Court of Appeals for Veterans Claims to remand to the Board Mr. Maggitt's request to reopen his claim. The Board had analyzed Mr. Maggitt's request to reopen his claim under the *Colvin* standard, and denied the request because this standard was not met. While his appeal to the Court of Appeals for Veterans Claims was pending, this court issued its decision in *Hodge.* Mr. Maggitt requested a remand for the Board to reconsider his request under the new *Hodge* standard, but the Court of Appeals for Veterans Claims refused and instead upheld the Board on the merits. On appeal, we held that, because of the change in the law, the Court of Appeals for Veterans Claims should have granted Mr. Maggitt's request for a remand. *See Maggitt,* 202 F.3d at 1380. A similar analysis applies to the present case, with the same result: the Court of Appeals for Veterans Claims should have remanded Mr. Winters's claim to the Board for reconsideration in light of *Hodge.*

■ There is a further reason why the Court of Appeals for Veterans Claims's action in the present case cannot be affirmed. The reopening statute, 38 U.S.C. § 5108, states that if the veteran presents new and material evidence, "the Secretary shall reopen the claim." Thus, under the statute, only the DVA (acting on behalf of the Secretary) has the authority to reopen a claim. The statute does not give the Court of Appeals for Veterans Claims that power, and the Court of Appeals for Veterans Claims therefore exceeded its statutory authority when it assumed Mr. Winters's claim to be reopened in order to make its determination that the reopened claim was not well grounded. *Cf. Barnett v. Brown,* 83 F.3d 1380, 1383 (Fed.Cir. 1996) ("[T]he Board does not have jurisdiction to consider a claim which it previously adjudicated unless new and material evidence is presented, and before the Board may reopen such a claim it must so find."); *Ivey v. Derwinski,* 2 Vet.App. 320, 322 (1992) ("[T]he BVA erred when it considered appellant's claim to be reopened without an analysis as to whether the newly submitted evidence was new and material."). The Court of Appeals for Veterans Claims should not assess whether a claim is well grounded until and unless the DVA rules on the issue after the claim is properly reopened in response to the presentation of new and material evidence, and the issue is properly presented on appeal.

This result is also supported by fundamental principles of fairness. When Mr. Winters presented his claim, he was concerned only with attempting to demonstrate that he was presenting new and material evidence under the *Colvin* standard. None of the parties involved—Mr. Winters, the DVA, or the Board—were concerned with whether the claim was well grounded (except insofar as an allegation of new and material evidence may itself be considered well grounded and thus trigger the duty to assist, *see Ivey,* 2 Vet.App. at 322–23 (finding that, even though veteran had not submitted any actual evidence to support his new and material evidence claim, his allegations were sufficient to render the claim to reopen well grounded and thus DVA had duty to assist with developing evidence to support claim); *see also id.* at 324 (Steinberg, J., concurring) (emphasizing the above holding)). Our decision in *Hodge* and then the Court of Appeals for Veterans Claims's subsequent decision in *Elkins* changed the legal landscape, making the well grounded claim an issue of major importance.

Rather than remand Mr. Winters's case to the DVA, the Court of Appeals for Veterans Claims applied the new rules to Mr. Winters without notice, and he was deprived of the opportunity to present evidence on the well grounded claim issue before the original triers of fact. This disposition also deprived Mr. Winters of his right, under 38 U.S.C. § 5103(a), to an explanation of what evidence was missing

from his claim and an opportunity to supply such evidence. Such action by the court is inconsistent with general principles of fairness, and it is particularly unwarranted in view of the fact that "the character of the veterans' benefits statutes is strongly and uniquely pro-claimant." *Hodge,* 155 F.3d at 1362; *see also Hayre v. West,* 188 F.3d 1327, 1333–34 (Fed.Cir. 1999) (pointing out Congress's recognition of "the strongly and uniquely pro-claimant system of awarding benefits to veterans").

Mr. Winters raises *SEC v. Chenery Corp.,* 332 U.S. 194, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947) in support of his position. Our decision in this case is consistent with the principle of *Chenery,* that a reviewing court should not decide a case on a ground not relied on by the agency in the matter under review (the "*Chenery* doctrine").[4] *See id.* at 196, 67 S.Ct. 1575. Since the result in this case is dictated by statutes and precedents specifically applicable to DVA cases, we need not consider further the role that *Chenery* might play. *Cf. Fleshman v. West,* 138 F.3d 1429 (Fed. Cir.1998) (recognizing the potential application of the *Chenery* doctrine to the Court of Appeals for Veterans Claims).

The Court of Appeals for Veterans Claims's attempts to address the well-groundedness of the claim may also have required it to make improper de novo findings of fact. *See Hensley v. West,* 212 F.3d 1255, 1262–64 (Fed.Cir.2000) (citing 38 U.S.C. § 7261(a)(4), (c) and *Icicle Seafoods, Inc. v. Worthington,* 475 U.S. 709, 714, 106 S.Ct. 1527, 89 L.Ed.2d 739 (1986)). The Court of Appeals for Veterans Claims itself has acknowledged this restriction on its scope of review. *See Murillo v. Brown,* 8 Vet.App. 278, 280 (1995).

■ The Court of Appeals for Veterans Claims indicated that it was applying the rule of harmless error, pursuant to 38 U.S.C. § 7261(b), and the Government urges us to affirm on this ground. However, the rule of harmless error cannot be invoked to allow the Court of Appeals for Veterans Claims to decide a matter that is assigned by statute to the DVA for the initial determination. The Government also urges us to invoke the rule of harmless error and affirm on the grounds that Mr. Winters has no diagnosis of PTSD and therefore his claim must fail on remand. As the Government so often points out in these cases, this court has no authority to review factual determinations such as this, and thus we cannot affirm on this ground. We offer no view as to whether Mr. Winters has presented either new and material evidence or a well grounded claim.

Mr. Winters also challenges the new three-step analysis for reopening claims established by the Court of Appeals for Veterans Claims in *Elkins.* In light of our disposition of his claim, however, we find that we need not reach his challenge. We therefore express no opinion regarding that decision. Mr. Winters and amicus also ask us to address the standard of review to be employed by the Court of Appeals for Veterans Claims to the issue of whether a claim is well grounded. However, we settled that issue in our recent decision in *Hensley. See* 212 F.3d at 1262–63.

Because the Court of Appeals for Veterans Claims exceeded its statutory authority when it addressed whether Mr. Winters had presented a well grounded claim and prejudiced him by basing its decision on a ground different from that relied on by the Board, the decision must be vacated. The case is remanded with instructions that the Court of Appeals for Veterans Claims remand the case to the Board so it can reevaluate under the correct standard whether the DVA correctly determined that Mr. Winters failed to present new and material evidence that supports reopening his claim.[5]

4. As the Government did not respond to Mr. Winters's invocation of *Chenery,* we do not have the benefit of its views on the subject.

5. We also note that the regulation covering evaluation of PTSD claims has recently changed, *compare* 38 C.F.R. § 3.304(f) (2000) *with* 38 C.F.R. § 3.304(f) (1999). On remand, the Board should determine which version of

CONCLUSION

*VACATED and REMANDED with instructions.*

The decision of the Court of Appeals for Veterans Claims is

the regulation is more favorable to Mr. Winters and apply that version. *See Karnas v.*

*Derwinski,* 1 Vet.App. 308 (1991).