Bobby J. GLASS, et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 92–428C.

United States Court of Federal Claims.

May 28, 2002.

### ORDER

MARGOLIS, Senior Judge.

This action is before the Court on plaintiffs' motion for reconsideration of order, extension of briefing schedule and new trial, filed February 11, 2002. For the foregoing reasons, plaintiffs' motion is denied.

Plaintiffs argue that they should be allowed to introduce evidence at trial showing that they were direct parties to the contract

at issue. In support of this claim, plaintiffs assert that the U.S. Court of Appeals for the Federal Circuit's decision did not address their direct party claim and thus left it open for reconsideration by this Court. In addition, plaintiffs claim they were under no obligation to raise the direct party issue on appeal and thus did not waive their right to resuscitate the claim.

■ Plaintiffs assert that the Federal Circuit did not rule on plaintiffs' direct party claims, and thus, this Court may address the claims on remand. "The law of the case is a judicially created doctrine, the purposes of which are to prevent the relitigation of issues that have been decided and to ensure that trial courts follow the decisions of appellate courts." *Exxon Corp. v. United States,* 931 F.2d 874, 877 (Fed.Cir.1991). An appellate court's decision determines the law of the case, and the trial court may not depart from it on remand. *Id.* "Unless remanded by [the appellate court], all issues within the scope of the appealed judgment are deemed incorporated within the mandate and thus are precluded from further adjudication." *Engel Indus., Inc. v. The Lockformer Co.,* 166 F.3d 1379, 1383 (Fed.Cir.1999). The scope of the issues presented to the appellate court are measured by the scope of the judgment being appealed. *Id.* at 1382. Where an appellate court's mandate may be uncertain, the trial court must adhere to both the letter and the spirit of the remand. *Id.* at 1383; *Laitram Corp. v. NEC Corp.,* 115 F.3d 947, 951 (Fed.Cir.1997).

The scope of the issues presented to the Federal Circuit included plaintiffs' direct party standing claim. Then Chief Judge Loren A. Smith ruled that plaintiffs did not have direct party standing under the contract, but that plaintiffs did have standing as third party beneficiaries. The government appealed the finding of third party beneficiary status, and plaintiffs argued for affirmance. The scope of the issue decided by the Federal Circuit was plaintiffs' standing under the contract, and therefore included plaintiffs' direct party status. Under the letter and the spirit of the Federal Circuit's decision, plaintiffs did not have standing under the contract, by any standard. "Accord-

ingly, because the shareholders did not stand to directly benefit under the contract, they are at most incidental beneficiaries of the contract *with no rights to enforce the contract against the United States . . . .* We reverse the summary judgment of liability with respect to the shareholders' contract claims and remand the case so that the court may consider any remaining claims asserted by the shareholders." *Glass v. United States,* 258 F.3d 1349, 1355, 1356 (Fed.Cir.2001) (emphasis added).

■ Where issues are not decided by a trial court, resuscitation of those issues is not waived for failure to raise them on appeal. *Tronzo v. Biomet, Inc.,* 236 F.3d 1342, 1348 (Fed.Cir.2001); *see Laitram,* 115 F.3d at 951–52, 954. However, under the law of the case doctrine, where a trial court ruled on an issue in an earlier stage of the case, and that ruling could have been but was not challenged on appeal, the ruling is binding in subsequent stages of the case. *Schering Corp. v. Illinois Antibiotics Co.,* 89 F.3d 357, 358 (7th Cir.1996); *Tronzo,* 236 F.3d at 1349. This rule is usually applied against appellants, but is not so limited as to be inapplicable to appellees. *Schering,* 89 F.3d at 358; *see Laitram,* 115 F.3d at 954.

■ Then Chief Judge Smith definitively ruled as a matter of law upon cross-motions for summary judgment that "[t]he central facts are undisputed. . . . [I]ndividually the four private plaintiffs did not contract for the treatment of goodwill resulting from the acquisition. . . ." The court ultimately determined, "[Plaintiffs] are not parties to the contract. . . ." *Glass v. United States,* 44 Fed. Cl. 73, 75, 79 (1999). Plaintiffs disagreed with yet acknowledged this finding. *Glass v. United States,* 47 Fed.Cl. 316, 322 (2000); Plaintiffs' Post–Trial Brief filed June 13, 2000, at 15, 29.

Accordingly, the direct party standing issue was within the scope of appeal and ripe for challenge. *See Tronzo,* 236 F.3d at 1348. Plaintiffs could have defended their standing on appeal by arguing direct party standing as an alternative basis for affirmance. *See Laitram,* 115 F.3d at 954. Likewise, plaintiffs could have cross-appealed Judge Smith's

finding on that issue. *See id.* Upon appeal, however, plaintiffs did not raise the direct party issue but, as mentioned above, argued for an affirmance of their standing as third party beneficiaries. *Glass,* 258 F.3d 1349. Thus, by failing to raise an issue that was ripe for appeal, plaintiffs waived their right to resuscitate the issue. Allowing plaintiffs to now raise the direct party issue would create a judicial diseconomy, permit piecemeal litigation, and reward plaintiffs for urging affirmance of their third party status, only to lose and then seek to raise an issue that already was decided against them. *See Tronzo,* 236 F.3d at 1349 n. 3.

For the reasons stated above, plaintiffs' motion is denied.