Bobby J. GLASS, Carol Rose (Individually and as Trustee of the Walter Lewis Rose, III, Estate Trust), Gary D. Stillwell, and Stephen D. Strickland, Plaintiffs–Appellants,

and

Federal Deposit Insurance Corporation, Plaintiff,

v.

UNITED STATES, Defendant–Appellee.

No. 02–5175.

United States Court of Appeals, Federal Circuit.

DECIDED: April 15, 2003.

Before MICHEL, CLEVENGER, and SCHALL, Circuit Judges.

CLEVENGER, Circuit Judge.

Plaintiff shareholders appeal the decision of the Court of Federal Claims refusing to allow them to argue upon remand from this court that they were direct parties to a contract with the government. *Glass v. United States,* 47 Fed.Cl. 316 (2002). We agree with the Court of Federal Claims that the direct party standing issue was within the scope of the first appeal and therefore incorporated in our mandate, barring the plaintiffs from further litigating the issue. We therefore *affirm.*

I

This case is one of a number of *Winstar*-related cases that arose from the thrift crisis of the 1980s and the enactment of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101–73, 103 Stat. 183 ("FIRREA"). The facts are fully set forth in the previous opinions in this case, so we will give only a brief summary here. Appellants were the principal stockholders of Sentry Mortgage Corporation ("Sentry"). During the thrift crisis, Sentry entered into a reverse purchase agreement with Security Savings Bank, FSB ("Security") whereby the non-cash assets of Sentry were exchanged for shares of stock in Security sufficient to convey a controlling interest to Sentry. As part of the agreement, Sentry would dissolve, thus transferring the Security stock to the shareholders. In exchange for recapitalizing Security, an insolvent thrift, Sentry sought favorable regulatory treatment, including being permitted to include a certain amount of goodwill as an asset for the purpose of satisfying regulatory capital requirements. This intangible goodwill asset would then be amortized over a period of 25 years.

After the transaction, Security began to amortize its goodwill over a 25–year period on a straight-line basis. However, the passage of FIRREA and its implementing regulations resulted in more stringent regulatory capital requirements that restricted the use of goodwill to satisfy regulatory capital requirements. Therefore, Security fell out of regulatory compliance and was placed into receivership.

In 1992, the plaintiff shareholders filed suit against the government in the Court of Federal Claims, alleging, among other claims, that the enactment of FIRREA breached a contract allowing the treatment of goodwill as regulatory capital. The Court of Federal Claims, on cross motions for summary judgment, determined that there was an implied-in-fact contract and that the plaintiff shareholders were third party beneficiaries. *Glass et al. v. United States,* 44 Fed.Cl. 73 (Fed.Cl.1999) (*Glass I*). The Court of Federal Claims then found the government liable for breach of contract and awarded damages to the plaintiffs. *Glass et al. v. United States,* 47 Fed.Cl. 316 (Fed.Cl.2000) (*Glass II*). The government appealed the decision to this court, and we reversed the summary judgment of liability on the plaintiff shareholders' contract claims and remanded the case. *Glass et al. v. United States,* 258 F.3d 1349 (Fed.Cir.2001) (*Glass III*).

On remand, the Court of Federal Claims granted the government's motion for a scheduling order and instructed the plaintiffs that they could file a brief addressing any remaining claims they had, but that "[t]he remaining claims shall not be based on contractual rights." The plaintiffs filed a motion for reconsideration, and the

Court of Federal Claims denied the motion, concluding that plaintiffs could not introduce evidence on their direct party claim because that issue was within the scope of the appeal, and the plaintiffs waived the issue by failing to raise it in the appeal. *Glass et al. v. United States*, 53 Fed.Cl. 33 (Fed.Cl.2002) (*Glass IV*). The Court of Federal Claims subsequently entered judgment in favor of the government, and the plaintiffs now appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II

This case presents us with the question of the proper interpretation of our own mandate, which is a question of law subject to *de novo* review. *Engel Indus., Inc. v. Lockformer Corp.*, 166 F.3d 1379, 1382 (Fed.Cir.1999).

The scope of the issues presented to us on appeal is measured by the scope of the judgment being appealed. *Id.* It is true that in *Glass I*, the Court of Federal Claims did not explicitly say that it was granting summary judgment that the plaintiffs were not direct beneficiaries. Similarly, the court did not explicitly say that it was granting summary judgment that the plaintiffs were third party beneficiaries, instead only stating that it was granting the plaintiffs' motion for summary judgment as to the existence of a contract for the treatment of goodwill and the breach of that contract. *Glass I*, 44 Fed.Cl. at 81. However, it could not be clearer that the court was also holding that the plaintiffs were not direct parties to the contract but were third party beneficiaries. The court specifically held that "the four private plaintiffs did not contract for the treatment of goodwill resulting from the acquisition.... They are not parties to the contract; the question is whether they are third party beneficiaries of the contract between Sentry, Security and the government." *Id.* at 79. We also noted in our opinion on the first appeal that in the decision on liability, "Judge Margolis applied Chief Judge Smith's *holding* that the shareholders were not parties to the contract between Sentry and Security Savings and the FHLBB, but that they were third party beneficiaries of the contract." *Glass III*, 258 F.3d at 1353 (emphasis added). In this statement, we recognized that there had been a holding that the plaintiffs were not direct parties to a contract with the government.

Furthermore, the Court of Federal Claims' holding that the plaintiffs were third party beneficiaries is also quite clear, *see Glass I*, 44 Fed.Cl. at 79, necessarily leading to the conclusion that the plaintiffs were not direct parties. One cannot be both a direct party to a contract and a third party beneficiary of that same contract. Generally, a plaintiff only has standing to bring a direct party claim against the government if the plaintiff shows privity of contract, but third party beneficiary status is a way to sue for damages *without* being a direct party. *First Hartford Corp. Pension Plan & Trust v. United States*, 194 F.3d 1279, 1289 (Fed. Cir.1999). We have stated the requirement for a plaintiff to establish that he is an intended third party beneficiary as follows: "To establish a right of action by a third person who is *not a party to* or identified in the contract as a beneficiary of its performance, the contract must show the intention of the contracting parties to provide a benefit to that person." *Roedler v. Dep't of Energy*, 255 F.3d 1347, 1352 (Fed.Cir.2001) (emphasis added). Therefore, in holding that the plaintiffs were third party beneficiaries, the Court of Federal Claims also implicitly held that they were not direct parties.

It is therefore clear that the Court of Federal Claims had decided the issue of the plaintiffs' direct party status under the contract prior to the first appeal, but the

plaintiffs failed to argue the issue on appeal. We held that "because the shareholders did not stand to directly benefit under the contract, they are at most incidental beneficiaries of the contract with no rights to enforce the contract against the United States," *Glass III*, 258 F.3d at 1355. This holding is dispositive of the plaintiffs' standing under the contract, both direct and as third party beneficiaries. The direct party issue was within the scope of our mandate, and further review is foreclosed on the remand. *See Tronzo v. Biomet*, 236 F.3d 1342, 1348 (Fed.Cir.2001).

## CONCLUSION

Because our mandate is controlling as to all the issues encompassed within it, and the direct party issue was so encompassed, the Court of Federal Claims correctly concluded that the plaintiffs are no longer free to raise the issue once again on remand. We therefore affirm the judgment of the Court of Federal Claims.