**John DOE, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 98–896C.

United States Court of Federal Claims.

Feb. 2, 2005.

Robert A. Van Kirk, Williams & Connolly LLP, Washington, DC, for plaintiffs.

Hillary A. Stern, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

HODGES, Judge.

Plaintiffs moved for reconsideration of the September 16, 2004 Order entering summary judgment for the Government pursuant to the Federal Circuit's Mandate. They argue that (1) neither this court nor the Federal Circuit has ruled on their holiday pay claim; that (2) neither court has addressed all their arguments on the overtime pay claim; and that (3) they are entitled to offer new theories of recovery because the Circuit "departed from established precedent."

The Federal Circuit did not rule directly on the holiday pay issue, but the Circuit's ruling on overtime pay controls plaintiffs' holiday pay claim by necessary implication. This Opinion and Order supplements the September 2004 Order directing entry of summary judgment for defendant. We do not have the authority to reopen issues that the Federal Circuit decided on interlocutory appeal.

## BACKGROUND

Plaintiffs brought a class action against the United States on behalf of current and for-

mer Department of Justice attorneys, seeking overtime pay under the Federal Employees Pay Act. 5 U.S.C. §§ 5542, 5543, 5545(c)(2), and 5546. Sections 5542 and 5543 authorize premium pay or compensatory time for overtime work that is ordered or approved. Section 5545(c)(2) contains a procedure for an agency to pay administratively uncontrollable overtime. The parties filed cross-motions for summary judgment on liability.[1]

We granted plaintiffs' motion for summary judgment on liability. *Doe v. United States,* 54 Fed.Cl. 404 (2002). The liability ruling did not address plaintiffs' holiday pay claim specifically. It referred to the claim for administratively uncontrollable overtime, which had been dismissed earlier. *Doe,* 54 Fed.Cl. at 405 n. 2. We certified the liability ruling for interlocutory appeal:

> After a review of the parties' arguments and the record of this case, we find that controlling questions of law are involved, with respect to which there are substantial grounds for difference of opinion. An immediate appeal from the court's November 14, 2002 Opinion and Order in this case may materially advance its resolution.

*Doe v. United States,* No. 98–896 C (Fed, Cl. Jan. 17, 2003).

The Federal Circuit agreed to interlocutory review of the liability ruling:

> This court determines for itself whether it will grant permission to appeal an interlocutory order certified by a trial court. Such a ruling is within this court's complete discretion. We note that a damages trial would necessarily be complex and time-consuming for both sides and the trial court. Thus, deciding the liability issue now serves the interests of all involved.

*Doe v. United States,* Misc. Dkt. No. 728 (Fed.Cir. Apr. 2, 2003) (citations omitted).

The Federal Circuit issued an Opinion on June 23, 2004. The accompanying Judgment provided: "This Cause having been heard and considered, it is Ordered and Adjudged: *Reversed.*" The June 2004 Opinion stated that the trial court should have ruled for the

---

1. Additional information may be found in earlier published opinions. *See Doe v. United States,* 46 Fed.Cl. 399 (2000) and *Doe v. United States,* 47 Fed.Cl. 594 (2000).

Government on summary judgment. *Doe v. United States,* 372 F.3d 1347, 1349 (2004). The Federal Circuit explained that

> the overtime here was not officially ordered or approved in writing as required by the regulation, [so] we hold that the plaintiffs were not entitled to compensation under [the Federal Employees Pay Act]; reverse the Court of Federal Claims' grant of summary judgment in the plaintiffs' favor ... and hold that summary judgment *should have been granted in favor of the Government.*

*Id.* (emphasis added).

Plaintiffs filed a petition for rehearing and rehearing *en banc* on August 9, 2004. The Federal Circuit denied plaintiffs' petition on September 1, 2004. The Circuit's September 8, 2004 Mandate reversed this court's ruling but did not remand the case for further proceedings. We entered summary judgment for the Government on September 16. Plaintiffs moved for reconsideration on September 30.

## ISSUES

Plaintiffs argue that the Federal Circuit has not heard their holiday pay claim, and that they are entitled to reopen the overtime claim because the Federal Circuit's decision on that issue created "a fundamental change in the law." Defendant contends that we do not have jurisdiction over plaintiffs' holiday pay claim because the Federal Circuit's Mandate directed summary judgment for the Government. *See Engel Indus., Inc. v. Lockformer Co.,* 166 F.3d 1379, 1383 (Fed.Cir. 1999) ("Unless remanded by this court, all issues within the scope of the appealed judgment are deemed incorporated within the mandate and thus are precluded from further adjudication.").

## ARGUMENTS

We address the parties' arguments in some detail because of the uncertain status of this case on reconsideration. *See Glass v. United States,* 53 Fed.Cl. 33, 34 (2002) ("Where an appellate court's mandate may be uncertain, the trial court must adhere to both the letter and the spirit of the remand.") (citing *Engel,*

166 F.3d at 1383 (Fed.Cir.1999)). Defendant argues that

> the appellate court resolved the issue of liability in the Government's favor, ordered summary judgment for the Government without limiting it to Count I, did not remand to this Court, and denied plaintiffs' petition for rehearing in which they expressly challenged the grant of summary judgment for the Government, [and therefore,] no issues remain for this Court's consideration.

Def.'s Resp. to Ct.'s Order of Dec. 29, 2004 at 2. Plaintiffs could have argued the holiday pay issue when they sought a rehearing before the Federal Circuit, according to the Government. Defendant asserts that plaintiffs knew they were arguing a ruling that disposed of their entire case, pointing to plaintiffs' petition to the Court of Appeals for rehearing. Plaintiffs argued in that petition that it was error "[f]or the panel not only to reverse the grant of summary judgment for appellees, but then to *go further and order summary judgment for DOJ ....*" Pls.' Pet. for Reh'g at 12 (emphasis added).

Plaintiffs respond that they could not have raised the holiday pay issue as part of their request for rehearing because that issue was not before the Circuit on interlocutory appeal. No one appealed the issue of whether they were entitled to holiday pay, so that question could not have been resolved against them, plaintiffs contend. *See Engel,* 166 F.3d at 1382. They complain that the Government would have this court enter summary judgment "as to a count in the Complaint that was never briefed by the parties, never addressed in the interlocutory order from which the appeal was taken, and never mentioned in the decision of the Court of Appeals ...." Pls.' Supp. Br. at 1. They seek an opportunity to be heard on Count Three of plaintiffs' Complaint, the claim for holiday pay.

Defendant replies that "[t]he Government's motion for summary judgment was directed at liability with respect to the complaint as a whole." Def.'s Resp. to Ct.'s Order of Dec. 29, 2004 at 3. Therefore, this court's grant of summary judgment pursuant to the Mandate is dispositive of plaintiffs' case. *Id.* Plaintiffs

argue that the mandate was directed narrowly at this court's overtime ruling because that was the only issue that we certified for interlocutory appeal.

## DISCUSSION

The procedural issues in *Laitram Corporation* are similar to these. *Laitram Corp. v. NEC Corp.*, 115 F.3d 947 (Fed.Cir.1997). The court in *Laitram* ruled that issues decided on appeal "by *necessary* implication" may not be reexamined on remand. 115 F.3d at 951 (citing *Conway v. Chem. Leaman Tank Lines, Inc.*, 644 F.2d 1059, 1062 (5th Cir. 1981)). The court added, "[t]he law of the case doctrine did not operate to prevent the district court from considering ... a meritorious issue never previously passed upon by it and never submitted to or decided by the appellate court ...." *Laitram*, 115 F.3d at 952 (citing *Conway*, 644 F.2d at 1062). Plaintiffs argue that the *Laitram* ruling describes the situation in their case. The holiday pay issue was "never previously passed upon by [this court] and never submitted to or decided by the appellate court ...." *See id.*

The trial court in *Glass v. United States* ruled that "plaintiffs did not have direct party standing under [a] contract [with the Government], but ... plaintiffs did have standing as third party beneficiaries." *Glass v. United States*, 53 Fed.Cl. 33, 34 (2002). The Government appealed the decision on third-party standing and the Federal Circuit reversed. *Glass v. United States*, 258 F.3d 1349 (Fed.Cir.2001). On remand, the plaintiffs attempted to argue direct party standing. The trial court rejected that argument, finding that "[t]he scope of the issue decided by the Federal Circuit was plaintiffs' standing under the contract, and therefore included plaintiffs' direct party status." *Glass*, 53 Fed.Cl. at 34. The Circuit's ruling on third-party beneficiary status necessarily included

both theories, even though only the third-party beneficiary issue was appealed. *Id.* "Under the letter and the spirit of the Federal Circuit's decision, plaintiffs did not have standing under the contract, by any standard." *Id.* Having held that the plaintiffs were third-party beneficiaries, the appeals court necessarily held that they were not direct parties.

These cases frame the issues before this court on reconsideration. Did the Federal Circuit's decision on overtime pay also rule on holiday pay "by necessary implication." *See Laitram*, 115 F.3d at 952 (holding that "the law of the case doctrine applies only to those issues decided expressly or by necessary implication.") (citing *Conway*, 644 F.2d at 1062). That is, was the holiday pay claim within the scope of the issue decided by the Federal Circuit. *See Glass*, 53 Fed.Cl. at 34. Defendant contends that those issues were implicated in the Order appealed, and that plaintiffs are precluded from addressing issues that they could have raised then.

The Federal Circuit construes its own mandate. *See Laitram*, 115 F.3d at 950–51 (noting that the Supreme Court construes its own mandate, and "[l]ogically, if the Supreme Court has plenary power to construe its own mandate, so must this court.") (citing *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 256, 16 S.Ct. 291, 40 L.Ed. 414 (1895)).

## HOLIDAY PAY

■ The Federal Circuit ruled in *Doe* that knowledge, encouragement, and inducement by management or supervisory personnel do not authorize overtime pay. Overtime must be ordered or approved in writing. 372 F.3d at 1349. Holiday pay is a form of premium pay. *See* 5 U.S.C. § 5546. The statute suggests that employees are paid a premium for *scheduled* work that occurs on a Sunday or a holiday. Plaintiffs did not allege that they were scheduled for holiday work.[2]

2. Count Three of plaintiffs' Complaint contains the following allegations regarding holiday pay: That federal employees who perform work on a holiday are entitled to be paid at twice the employee's basic rate of pay pursuant to 5 U.S.C. § 5546; that nothing in section 5546 exempts attorneys from entitlement to holiday pay; that DOJ attorneys frequently work on federal holidays, with the knowledge, encouragement, or inducement of DOJ management and supervisory personnel; that it is the policy, pattern, or practice of DOJ not to compensate attorneys for work performed on federal holidays; that DOJ attorneys have not in fact been compensated for the vast majority of work actually performed on federal holidays; and that as a result, plaintiffs have

Plaintiffs' allegations with regard to holiday pay are similar to those of overtime. The Complaint alleges that attorneys work on federal holidays "with the knowledge, encouragement, or inducement of DOJ management and supervisory personnel." Compl. ¶ 83. This is the same argument that plaintiffs presented in seeking overtime pay. The Federal Circuit rejected that argument. *See Doe*, 372 F.3d at 1349.

Title 5 U.S.C. § 5546 authorizes pay for Sunday and holiday work.[3] Plaintiff's Complaint does not contain allegations concerning Sunday work. The first reference to holiday pay is in section 5546(b). This section provides that "[a]n employee who performs work on a holiday . . . is entitled to . . . his basic pay, plus premium pay at a rate equal to the rate of his basic pay . . . ." An employee who works on a holiday is entitled to a minimum of two hours and a maximum of eight hours' double pay. *See* § 5546(b)(1), (c). Overtime work on a holiday is covered by the general overtime statute, section 5542(a). *See* § 5546(a), (d).

Section 5546 and related regulations apply to work that is "regularly scheduled," presumably to distinguish it from overtime work. Section 5546(a) provides premium pay for "regularly scheduled [work] . . . [,] a part of which is performed on Sunday . . . ." Authorization for holiday premium pay in the statute does not include the phrase "regularly scheduled," but the sections appear to follow the same statutory scheme. *See* § 5546(b). The premium for holiday pay is double-time, limited to eight hours; Sunday pay is 125% of an employee's basic rate. *See* § 5546.

The Office of Personnel Management issues regulations defining terms used in section 5546 and other statutes governing Civil Service Regulations and Pay Administration in general. *See* 5 C.F.R. § 550. Definitions that apply to provisions for premium pay are listed at 5 C.F.R. § 550.103. The term "regularly scheduled work" is defined in that section as "work that is scheduled in advance of an administrative workweek under an agency's procedures for establishing workweeks in accordance with § 610.111 [Establishment of workweeks] . . . ." Holiday work means "nonovertime work performed by an employee during a *regularly scheduled* daily tour of duty on a holiday designated in accordance with § 610.202 of this chapter [Determining the holiday]." *Id.* (emphasis added).

Plaintiffs state that qualifications for holiday pay do not require that the work be "officially ordered or approved" as in the case of overtime pay. Holiday work is not subject to the ordered or approved standard of 5 U.S.C. § 5542, but the work must be "scheduled." Plaintiffs do not allege in their Complaint that attorneys were scheduled to work on holidays. The Federal Circuit's ruling eliminates the possibility that management or supervisory personnel could have scheduled holiday work through knowledge, encouragement, or inducement. *See Doe v. United States*, 372 F.3d 1347, 1351 (2004).

## PLAINTIFFS' ALTERNATIVE ARGUMENTS

Plaintiffs contend that we should consider "alternative arguments" that the Federal Circuit did not address in its ruling on overtime pay, Count One of the Complaint. These arguments are that defendant improperly withheld written authorization for overtime compensation and "refus[ed] to institute a reasonable system for delegating the authority to order or approve overtime," and

---

been damaged financially by DOJ's refusal to provide holiday pay for hours worked on federal holidays.

3. Section 5546. Pay for Sunday and holiday work
. . . .
(b) An employee who performs work on a holiday . . . is entitled to pay at the rate of his basic pay, plus premium pay at a rate equal to the rate of his basic pay, for that holiday work which is not—
(1) in excess of 8 hours; or

(2) overtime work as defined by section 5542(a) of this title.
(c) An employee who is required to perform any work on a designated holiday is entitled to pay for at least 2 hours of holiday work.
(d) An employee who performs overtime work as defined by section 5542(a) of this title on a Sunday or a designated holiday is entitled to pay for that overtime work in accordance with section 5542(a) of this title.
. . . .

that "the Department of Justice could not unreasonably confine the delegation of authority to order or approve overtime to high-level officials in Washington, D.C. ...." Pls.' Mot. Recons. at 3. However, decisions in the *Anderson* line of cases address such arguments, and those cases are overruled by *Doe*, 372 F.3d at 1357 ("[W]e are compelled to hold that the *Anderson* line of cases is no longer good law ....") (referring to *Anderson v. United States*, 136 Ct.Cl. 365, 1956 WL 8341 (1956)); *see also Adams v. United States*, 162 Ct.Cl. 766, 768, 1963 WL 8610 (1963) (noting that the case before it was "controlled in principle by *Anderson* ...."). The *Adams* court added, "in the sense explained by *Anderson*, there was inducement of the plaintiffs ... to perform overtime under the Federal Employees Pay Act ...." *Adams*, 162 Ct.Cl. at 768, 1963 WL 8610. *Adams* found that the appropriate Government officials "knew and approved of this overtime, and in effect authorized it." *Id.* at 769, 1963 WL 8610. "As in *Anderson*, written authorization or approval ... was withheld as a matter of policy." *Id.*

The Federal Circuit held that overtime must be "officially ordered or approved in writing." *Doe*, 372 F.3d at 1349. The court did not add limitations to that requirement, as several of the *Anderson* cases had proposed. The appeals court ruled that "the written order requirement is not invalid on the ground that it imposes a procedural requirement that limits the right to overtime compensation under the statute or because it is inequitable." *Id.* at 1357.

Finally, plaintiffs observe that,

the decision at the end of the Federal Circuit's opinion states only that this Court's order granting summary judgment for plaintiffs and denying it for defendant is "REVERSED," and the mandate says the same thing. Neither the *decision* nor the *mandate* (nor the governing caselaw) prohibits plaintiffs from making additional arguments on remand.

*Pls.' Mot. Recons.* at 4 n.2. The decision and the Mandate do not specifically prohibit plaintiffs from making additional arguments on remand, but neither do they suggest that we consider theories related to issues controlled by the Federal Circuit's ruling. Overtime must be ordered or approved by an authorized official in writing. *Doe*, 372 F.3d at 1349 ("Because the overtime here was not officially ordered or approved in writing as required by the [OPM] regulation, we hold that the plaintiffs were not entitled to compensation under FEPA ...."). This is the law of the case.[4]

## CHANGE OF LAW

■ Plaintiffs argue that they should have an opportunity to make additional legal arguments based on the Federal Circuit's "dramatic departure from established precedent."

The Federal Circuit's decision entirely changed the legal landscape, overturning fifty years of case law establishing the standard for liability under FEPA. Given the panel's dramatic departure from established precedent, plaintiffs are now permitted to raise new arguments supporting their claim that were not needed under the existing state of the law.

*Pls.' Mot. Recons.* at 4 (citing *Winters v. Gober*, 219 F.3d 1375, 1379 (Fed.Cir.2000); *Community for Creative Non–Violence v. Reid*, 846 F.2d 1485, 1496 n. 14 (D.C.Cir. 1988)).

Plaintiffs cite *Winters* for the principle that "after a change in the law, 'fundamental principles of fairness' require that both the adversely affected party and the trial court be given an opportunity to conform their arguments and findings to the new legal standard." *Pls.' Mot. Recons.* at 4 (citing *Winters*, 219 F.3d at 1379). *Winters* is a case from the Court of Appeals for Veterans Claims that the Federal Circuit remanded for consideration of a new standard that applied to the plaintiff's claim. The Circuit instructed the Veterans Claims court to return the case to an administrative agency to consider the new standard in the first instance. Intervening precedent changed the

---

**4.** "The law of the case is a judicially created doctrine, the purposes of which are to prevent the relitigation of issues that have been decided and to ensure that trial courts follow the decisions of appellate courts." *Exxon Corp. v. United States*, 931 F.2d 874, 877 (Fed.Cir.1991).

standard by which Winters' case had been decided.

The court in *Community for Creative Non–Violence v. Reid* ruled that its adoption of an intervening "literal interpretation" standard of copyright law "so fundamentally changed the legal framework for this case" that it would entertain a theory that had not been argued at the trial level. 846 F.2d at 1496 n. 14. The court did not decide the case, however, but remanded it to "accord Reid an opportunity to develop before the district court any factual or legal arguments he wishes to present . . . ." *Id.* (citing *Meehan v. Macy,* 425 F.2d 469, 472 (D.C.Cir.1968) ("analyzing [the] nature and implications of [an] intervening Supreme Court decision but ordering remand to 'permit introduction of additional evidence and argument on points that have a significance . . . previously only dimly discerned.' ")).

The *Reid* court remanded for the trial court to consider an intervening standard of copyright law adopted from a sister Circuit. The court in *Meehan* remanded a personnel case to the district court with instructions that it remand the case to the Civil Service Commission to allow the parties to argue the effect of an intervening Supreme Court decision. 425 F.2d at 472. The Federal Circuit remanded *Winters* for consideration of an intervening change in administrative law and case law.

These cases do not give this court the authority to hear new arguments on matters decided by the appeals court. The Supreme Court case cited as controlling by the Federal Circuit in *Doe* was not an intervening decision. *See Doe,* 372 F.3d at 1355 (citing *Schweiker v. Hansen,* 450 U.S. 785, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981)).

## CONCLUSION

The September 16, 2004 Order directing entry of summary judgment for the Government is supplemented as follows: The Federal Circuit's reasoning on interlocutory appeal of *Doe* controls plaintiffs' holiday pay arguments by necessary implication. The appeals court ruled that "knowledge, encouragement, or inducement" by supervisory personnel is not sufficient to authorize or approve overtime. This ruling applies with equal force to plaintiffs' holiday work claim. Holiday work must be "scheduled." The Complaint does not allege that members of the class were scheduled for holiday work. Plaintiffs' argument that they might have been induced by workload or otherwise to work on holidays is precluded by the law of the case doctrine. Plaintiffs' Motion for Reconsideration is DENIED.